651

Argued and submitted March 16, reversed June 1, 1981

STATE OF OREGON,
*Respondent,*

*v.*

NANCY M. JOHNSON,
*Appellant.*

(No. AC 44687, CA 18421)

628 P2d 789

Francis I. Smith, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

YOUNG, J.

Defendant appeals from her conviction for keeping a vicious dog in violation of an ordinance of the City of Portland. We reverse.

On April 8, 1980, five-year-old Kelly Gwilliams rode his bicycle on defendant's driveway. At the same time, defendant opened her garage door, unaware of Kelly's presence. Defendant's dog apparently came into the garage from a fenced area of the yard and reacted to the child's presence by rusing toward and jumping on him. Kelly was bitten. It is undisputed that the events occurred well within the boundaries of defendant's property.

A "vicious animal" is defined as:

"Any animal which bites any human being or other domestic animal or which demonstrates menacing behavior toward human beings or domestic animals, except that an animal shall not be deemed vicious if it bites, attacks or menaces a trespasser on the property of its owner or harms or menaces anyone who has tormented or abused it." Portland Municipal Ordinance 13.04.020(1).

Trial was held without a jury. The court found the dog's conduct toward the child was within the ordinance definition of a "vicious animal." The only question on appeal is whether the trespasser exception applies. The trial court ruled the exception inapplicable in light of defendant's lack of control over the dog at the time and the inability of children and dogs to discern property lines.

The Portland City Code does not define the term "trespasser." It is a term, however, that has a well defined legal meaning, and it should be given that meaning in construing the ordinance. *Cf. State v. Dumond,* 270 Or 854, 530 P2d 32 (1974). A trespasser is "one who enters or remains on premiss in the possession of another without a privilege to do so, created by the possessor's consent or otherwise." *Rich v. Tite-Knot Pine Mill,* 245 Or 185, 191, 421 P2d 370 (1966); Restatement (Second) of Torts § 158 (1965). Infancy does not immunize one from being a trespasser. *See, e.g., Baker v. Lane County,* 28 Or App 53, 558 P2d 1247 (1977); *see generally,* W. Prosser, Torts 996 (4th ed 1971). Failure to be aware of boundary lines is not an excuse. *Gordon Creek Tree Farms v. Layne et. al,* 230 Or

204, 358 P2d 1062, 368 P2d 737 (1962). Absent some privilege, Kelly was a trespasser.

■     The state contends defendant consented to Kelly's presence. The only evidence relating to consent is defendant's testimony that she had asked Kelly "as long as two years ago" *not* to come onto her property. The state argues that the age of the child at the time of defendant's request supports a finding of consent and implies that consent results from defendant's failure to "sufficiently manifest her objection to Kelly's presence on her property so that the child was aware of the prohibited area." We disagree. "Consent means that the person concerned is in fact willing for the conduct of another to occur." Restatement (Second) of Torts § 892, Comment b (1965). Defendant's statement, no matter when made, cannot be interpreted as indicating a willingness to have children come onto her property. Silence or inaction may constitute actual or apparent consent to certain conduct, but there is no evidence that that was the case here.

■     The determinative factor in the trial court's ruling was that the incident occurred within an area of defendant's property where the dog was not controlled. The court apparently felt that, because dogs and children cannot discern property lines, the fact that the biting occurred on defendant's property was purely a happenstance. The court therefore chose to interpret the ordinance to advance its protective purpose rather than apply the literal language of the "trespasser" exception. Although the trial court's reasoning has appeal, the express and unambiguous language of the ordinance should be followed. The law has traditionally imposed on property owners a less stringent duty to exercise care for the protection of trespassers. The Portland City Council could reasonably decide that penal sanctions are inappropriate in any situation where an animal bites or menaces a person who enters its owner's property without privilege to do so.

Reversed.