Argued and submitted October 22, affirmed November 21, 1984

STATE OF OREGON,
*Appellant,*

*v.*

PHON YOS,
*Respondent.*

(M399197; CA A31764)

691 P2d 508

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Douglas A. Edmunds, Portland, waived appearance for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Rossman, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was charged with reckless driving. ORS 487.550.[1] The state appeals an order entered before trial dismissing the charging instrument because (1) defendant had entered into a civil compromise with the person whose auto he had struck and (2) dismissal would be "in furtherance of justice." ORS 138.060(1). We affirm.

■     The court erred in dismissing the case "in furtherance of justice," apparently pursuant to ORS 135.755[2] (although the court did not specifically comply with that statute). The court's rationale was that the "victim" would not appear to testify. There is no basis in this record for that determination.

We are compelled, however, to affirm the court's ruling on the alternative civil compromise ground.

■     The civil compromise statute, ORS 135.703,[3] applies to any "crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action." The statute requires three elements to invoke the compromise procedure: (1) an act, (2) that is punishable as a misdemeanor and (3) for which a person has a civil remedy. All the elements are present here: defendant

---

[1] ORS 487.550 provides:

"(1) A person commits the crime of reckless driving if the person recklessly, as defined in ORS 161.085(9), drives a vehicle upon a highway in a manner that endangers the safety of persons or property."

[2] ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

[3] ORS 135.703 provides:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705, except when it was committed:

"(1) By or upon a peace officer while in the execution of the duties of his office;

"(2) Riotously; or

"(3) With an intent to commit a crime punishable only as a felony."

drove recklessly—a crime punishable as a misdemeanor—and a person was injured and would have a civil remedy in tort against the driver.

The state relies on *State v. Duffy,* 33 Or App 301, 576 P2d 797 (1978). In *Duffy,* we reversed a trial court dismissal on the basis of a civil compromise of a criminal charge of failure to leave a name and address at the scene of an accident. We explained only that the act of failure to leave one's name and address is not an act due to which a person injured would have a remedy by civil action. 33 Or App at 303.

The present case differs in that the criminal act has caused injury. The statutory language applies. *See also State v. Dumond,* 270 Or 854, 530 P2d 32 (1974).

Affirmed.[4]

---

[4] While the statutory language compels this result, we wish to note our objection to it. Read together, this case and *State v. Duffy* now stand for the proposition that a reckless driver who misses people during his drive can be prosecuted, but one who hit someone can buy his way out. As a matter of public policy, that seems backwards. We commend the matter to the attention of the legislature.