Argued and submitted December 21, 1984, resubmitted In Banc March 6, reversed and remanded for trial April 10, 1985

## STATE OF OREGON,
*Appellant,*

*v.*

## GLEN RAYMOND DUGGER,
*Respondent.*

(DA 275090; CA A33056)

698 P2d 491

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Cynthia Cumfer, Portland, waived appearance for respondent.

RICHARDSON, J.

## RICHARDSON, J.

Defendant publicly exposed his genitals while he was in the Frederick & Nelson department store, and he was charged with public indecency. ORS 163.465. He entered into a civil compromise with the store's management pursuant to ORS 135.703 *et seq.*, and the trial court dismissed the charge. The state appeals from the dismissal. We reverse.

ORS 135.703 provides:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705, except when it was committed:

"(1) By or upon a peace officer while in the execution of the duties of his office;

"(2) Riotously; or

"(3) With an intent to commit a crime punishable only as a felony."

The state argues that public indecency is not the kind of offense to which ORS 135.703 applies, because the statute is limited to "cases in which the person injured by the act constituting the crime has a civil action remedy. Public indecency is not such a crime." The problem with the state's argument is that it does not go far enough. It is virtually unimaginable that *any* crime *cannot* produce *some* injury that is redressable through a civil action. Here, for example, the store *could* have lost business or suffered other compensable injury as a result of defendant's act. In our view, the issue is whether the statute applies to a criminal act that can produce a civilly redressable injury if that injury is not the sole consequence of the act and is incidental at most to the legislature's objective in criminalizing the act.

In *State v. Yos,* 71 Or App 57, 691 P2d 508 (1984), decided while this appeal was pending, we held that a charge of reckless driving was properly dismissed by the trial court after the defendant had "entered into a civil compromise with the person whose auto he had struck" while driving recklessly. We explained:

"The civil compromise statute, ORS 135.703, applies to any 'crime punishable as a misdemeanor for which the person

injured by the act constituting the crime has a remedy by a civil action.' The statute requires three elements to invoke the compromise procedure: (1) an act, (2) that is punishable as a misdemeanor and (3) for which *a person has a civil remedy.* All the elements are present here: defendant drove recklessly—a crime punishable as a misdemeanor—and *a person was injured* and would have a civil remedy in tort against the driver." 71 Or App at 59-60. (Emphasis added; footnote omitted.)

■ The problem with our reasoning in *Yos* begins with the emphasized language. *Yos* refers to *a* person injured by the defendant's act; the statute refers to *the* person injured by the act. The words "a person injured by the act" in the statutory context *might* indeed dictate the conclusion we reached in *Yos* that the civil compromise procedure is available to defendants charged with crimes of any kind, if the consequences of their conduct *happen to include* an injury for which a person has a remedy by civil action. However, the words "the person injured by the act" do not carry the same connotation of randomness; they indicate that there *must* be a *discrete* victim or victims in order for the act to constitute a crime.

We noted in *Yos:*

"While the statutory language compels this result, we wish to note our objection to it. Read together, this case and *State v. Duffy* [,33 Or App 301, 576 P2d 797 (1978),] now stand for the proposition that a reckless driver who misses people during his drive can be prosecuted, but one who hit someone can buy his way out. As a matter of public policy, that seems backwards. We commend the matter to the attention of the legislature." 71 Or App at 60, n 4.

We now conclude that the language of the statute does not *compel* the result we reached in *Yos.* Even if the statutory language *supports* our interpretation in *Yos,* we now reject that interpretation, because it is not compelled and because, as the *Yos* footnote suggests, the interpretation produces an absurd and unreasonable result. *See Johnson v. Star Machinery Co.,* 270 Or 694, 704, 530 P2d 53 (1974). *Yos* was wrongly decided, and we overrule it.

■ ■ The defendant in *Yos* was not entitled to a civil compromise of the reckless driving charge, because his offense endangered every person and vehicle on the road, as well as caused actual damage to one car and driver. The defendant in

this case is not entitled to avail himself of the civil compromise procedure, because other members of the public who observed or could have observed his act were as entitled as the management of the store not to be subjected to it. Both reckless driving and public indecency are acts that the legislature has criminalized to protect the public at large. The coincidence that any given person is compensably injured by the commission of those acts has no cognizable relationship to the legislature's purpose in criminalizing them or to the legislature's purpose in establishing the civil compromise procedure as an alternative to the prosecution of misdemeanors that affect only persons who have a right to civil redress.[1]

Reversed and remanded for trial.

---

[1] We do not suggest that the public's abstract interest in the prosecution of crime prevents the civil compromise of misdemeanors that can do nothing more than cause actual injury to a particular person or persons.