Submitted on record and briefs July 12, 1985, reversed and remanded for further proceedings February 26, 1986

SCCI, INC.,
*Appellant,*

*v.*

UNITED STATES NATIONAL
BANK OF OREGON,
*Respondent.*

(134,589; CA A35416)

714 P2d 1113

Victor W. VanKoten, Hood River, filed the briefs for appellant. With him on the briefs was Annala, Carey, Hull & VanKoten, Hood River.

Paul J. De Muniz, Salem, filed the brief for respondent. With him on the brief were Robert R. Trethewy and Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant bank. Plaintiff sought damages, alleging that the bank, as drawee, wrongfully honored checks totaling approximately $22,600 that plaintiff's employe, Wolf, had forged and tendered to the bank. In its answer, the bank affirmatively alleged that plaintiff impaired its recourse against Wolf when it entered into a civil compromise with her and thereby discharged the bank from any liability to plaintiff. Plaintiff moved for partial summary judgment on that affirmative defense, and the bank moved for summary judgment. The court ruled that plaintiff had made a civil compromise, *see* ORS 135.703, which impaired the bank's recourse against Wolf and discharged its liability to plaintiff. It granted the bank's motion for summary judgment, dismissed the action and entered judgment for the bank. Because we hold that the bank was not entitled to summary judgment, we reverse.[1]

Plaintiff asserts that there is a genuine issue of material fact concerning the existence of a valid civil compromise and, in any event, the civil compromise did not impair the bank's recourse against Wolf. It asserts that the bank has a direct claim against Wolf for restitution. The bank argues that it is only secondarily liable to plaintiff as a surety, at common law and under ORS 74.4070,[2] and that plaintiff discharged it as a surety when it made a civil compromise with Wolf and impaired the bank's recourse against her.

The controlling facts are undisputed. Plaintiff was a

---

[1] ORCP 47C provides:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

[2] ORS 74.4070 provides:

"If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights:

"* * * * *

"(3) Of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose."

construction contractor. Wolf worked for plaintiff as a secretary and bookkeeper. She forged more than 90 checks drawn on its account with the bank, presented the checks and obtained payment. The bank debited plaintiff's account. Plaintiff discovered the forgeries and initiated a criminal prosecution against Wolf, who was then indicted. Plaintiff demanded that the bank credit its account for the disbursed funds.

Meanwhile, Wolf's attorney attempted to reach a civil compromise with plaintiff on the criminal charges. He delivered to plaintiff a $10,000 promissory note that Wolf and her father had signed and asserted that it was in full satisfaction of all claims against Wolf. The terms of the proposed compromise were unacceptable to plaintiff's president, who refused to sign the "acknowledgment of satisfaction of Class C Felony" that Wolf's attorney prepared. The president informed the prosecuting attorney, however, that "he was acquainted with the parents of Susan Wolf, had no desire that [she] go to jail and was content to let the attorneys work the matter out civilly." The court dismissed the charges against Wolf on the prosecuting attorney's motion, although it had not received written acknowledgment of a civil compromise. Plaintiff retained the note. After plaintiff filed this action, Wolf tendered $2500 to plaintiff on the note. Without informing the bank, plaintiff returned the $2500 to Wolf.

We need not determine whether plaintiff entered into a civil compromise with Wolf[3] and accepted the promissory note in full satisfaction of its claims against her or should have accepted the tender of the $2500. None of plaintiff's acts discharged the bank's liability to reimburse plaintiff for sums that it had wrongfully paid to Wolf.

The bank's obligation to plaintiff, after it had debited plaintiff's account for the forged checks, was not secondary. In the absence of any issue that plaintiff's negligence substantially contributed to the forgery, plaintiff was not obligated for the forged checks that the bank had honored, ORS 73.4060, and the bank lacked authority to debit plaintiff's account for the checks. Plaintiff was entitled to have the bank credit its account. ORS 73.4010; ORS 73.4040; ORS 74.4010; White and

---

[3] *See* ORS 135.705; *State v. Dugger,* 73 Or App 109, 698 P2d 491 (1985).

Summers, *Uniform Commercial Code* 608, 657, §§ 16-2, 17-3 (2d ed 1980); *Danning v. Bank of America,* 151 Cal App 3d 961, 969, 199 Cal Rptr 163 (1984). The bank was not plaintiff's surety, but its primary obligor. *See Bryant Heating & Air Cond. v. U.S. Nat. Bank,* 216 Neb 107, 342 NW2d 191 (1983); *Hennesy Equipment Sales Co. v. Valley Nat. Bank,* 25 Ariz App 285, 543 P2d 123 (1975). Accordingly, it was not entitled to the defense of impairment of recourse or to summary judgment.

Reversed and remanded for further proceedings not inconsistent with this opinion.