Argued and submitted March 28, affirmed May 11, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## KANALIKHAM PHAK,
*Appellant.*

(86-11967; CA A44687)

754 P2d 31

Steven Paygr, Portland, argued the cause and filed the brief for appellant.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant was convicted of contributing to the sexual delinquency of a minor. ORS 163.435. His sole assignment of error is the trial court's refusal to dismiss the charge on the basis of an alleged civil compromise. We affirm.

At the time of the incident, defendant was 19 years old, and the girl with whom he had sexual intercourse was 17 years old. Both lived with their parents. The two families were well acquainted as members of the Portland Laotian community. On the evening after the crime, defendant and his family met with the girl's family to discuss what should be done. After negotiations, the girl's father agreed to accept $5,000 from defendant's father for "loss of face." Two documents were drawn up in Laotian and signed, one in the form of an agreement and the other in the form of a receipt for partial payment plus a promissory note for the remainder. The girl neither participated in the discussion nor signed the documents. The families were acting in accordance with Laotian customs.

Defendant moved to dismiss the charge because of the families' agreement. He argued that it was an enforceable civil compromise under ORS 135.705(1):

"If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, that the person has received satisfaction for the injury, the court may, in its discretion, on payment of the costs and expenses incurred, order the accusatory instrument dismissed."

The trial court denied defendant's motion and gave three reasons: (1) the victim did not sign the agreement; (2) her father did not sign in a representative capacity; and (3) the agreement was intended to release only civil liability, but not criminal liability.

ORS 135.705(1) requires a written acknowledgement of satisfaction by "the person injured." The trial court found, as facts, that the victim did not acknowledge satisfaction in writing and that her father did not do so on her behalf.[1] There

---

[1] In the light of our disposition, we need not decide whether, as defendant suggests, the victim's father *could* have signed on her behalf. We reject defendant's alternate contention that, as a matter of law, the father signed on her behalf.

is evidence to support those findings, so we will not disturb them. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). Having found that a statutory condition for a civil compromise was not met, the trial court properly declined to dismiss the charge.[2]

Affirmed.

---

[2] The trial court's first and second findings, which are supported by evidence in the record, are a proper and sufficient basis for the court's decision. We need not reach issues that might be raised by the third finding.