# STATE OF OREGON,
*Appellant,*

*v.*

# SCOTT FITTERER,
*Respondent.*

(90-03-33293; CA A65491)

820 P2d 841

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Bruce E. Anderson, La Grande, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Edmonds, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was indicted for sexual abuse in the first degree, ORS 163.425, for abusing his step-daughter. Jeanne Fitterer, the victim's mother, purported to enter into a civil compromise agreement with defendant. The compromise required defendant to undergo treatment for sex offenders and to pay for counseling for the victim and her mother. In return, the state would drop the charges against defendant. The mother signed the agreement as "Jeanne Fitterer, Mother of Injured Party." She had legal custody of the victim after her divorce from the father.

The district attorney refused to sign the compromise agreement, claiming that the mother, who was not the victim, could not sign for the victim. The state also maintained that the court must appoint a guardian *ad litem* to represent the victim's interests. The defense countered that the mother had legal custody and could sign on the victim's behalf. The trial court refused to appoint a guardian *ad litem* and approved the civil compromise agreement.

The state appeals pursuant to ORS 138.060(1) and argues that, when a child is the victim of a crime that is subject to civil compromise, a parent may not sign the compromise agreement on her behalf and that the appointment of a guardian *ad litem* to protect the child's interests is necessary.

The state cites *Ohio Cas. Ins. Co. v. Mallison et ux,* 223 Or 406, 354 P2d 800 (1960), for the proposition that parents owe their children fiduciary duties when entering into a civil compromise or settlement on their behalf. In that case, the child had suffered injuries at birth; her parents and the insurance company executed a document releasing the insurance company from liability on the child's claim. The court held that the fiduciary duty to act for the benefit of the child is "not fully discharged where the parent enters into a bargain which gives rise to conflicting interests." 223 Or at 411. The court approved the concept of a guardian *ad litem* in insurance indemnity cases, even though the guardian would probably be the parent, because "[t]he difference * * * between a release by a parent qua parent and by a parent qua

guardian is that in the latter case the court has the opportunity to exercise surveillance over the settlement." 223 Or at 413.

Defendant asks us to accept the definition in ORS 131.007, which provides that "victim," "in the case of a minor victim," means "the legal guardian of the minor." However, that definition applies only to ORS 40.385 and ORS chapters 136, 137 and 144. The civil compromise statute, ORS 135.703 to ORS 135.709, is not covered by the definition, and neither is sexual abuse. ORS 163.425. Moreover, the trial court accepted that the child was the actual victim of the crime.

Sexual abuse is a Class C felony, which can be punished as a misdemeanor under ORS 161.705. In *State v. Dumond,* 270 Or 854, 857, 530 P2d 32 (1974), the court held that, "by enacting ORS 161.705 the legislature intended to authorize a compromise of all Class C felonies which could be punished 'as a misdemeanor'." That includes the crime charged here. *But see State v. Dugger,* 73 Or App 109, 698 P2d 491 (1985).

In *State v. Phak,* 91 Or App 160, 754 P2d 31 (1988), a 19-year-old boy was charged with having sexual intercourse with a 17-year-old girl. Their fathers signed an agreement under which the boy's father paid the girl's father $5,000. The girl's father did not sign in a representative capacity, and the victim did not acknowledge satisfaction in writing. We held that the compromise was invalid. The daughter is the victim here. ORS 135.705 requires that the "person injured acknowledge[] in writing * * * that the person has received satisfaction for the injury." The victim did not make an acknowledgement and lacks the capacity to make one. Her mother, as the custodial parent, does not have the authority to contract on her behalf. She did not have the authority to agree to the civil compromise.

Reversed and remanded.