Argued December 4, reversed December 31, 1974

STATE OF OREGON, *Respondent, v.*
ROBERT L. DUMOND, *Petitioner.*

530 P2d 32

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General.

*Raymond R. Bagley,* Oregon City, argued the cause for petitioner. With him on the brief and petition for review were Alan R. Jack, Jack, Goodwin & Urbigkeit.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON, Justices, and SLOPER, Justice pro tempore.

McALLISTER, J.

The defendant, Robert L. Dumond, was indicted for theft in the first degree, committed by obtaining $534 in unemployment benefits from the Employment Division of the State Department of Human Resources during a period when defendant was employed and earning wages. Thereafter the Employment Division acknowledged that defendant had paid it "in full in the amount of $534". In a later letter, the Employment Division advised the district attorney that in accepting the $534 it had "specifically refused to compromise the

case". Thereafter the trial court ordered the case compromised and the indictment dismissed pursuant to ORS 135.703 to 135.709 over the objections of the district attorney and the Employment Division.

■■ The Court of Appeals reversed the trial court on the ground that a Class C felony is not a crime punishable as a misdemeanor and cannot be compromised. We think the Court of Appeals erred in so holding.

Prior to 1973 the applicable statute, ORS 134.010,① provided that "when a defendant is held to answer on a charge of misdemeanor * * * the crime may be compromised". In 1973 the above statute was renumbered ORS 135.703② and amended to provide that "when a defendant is charged with a crime *punishable as a misdemeanor* * * * the crime may be compromised". (Emphasis supplied.)

Theft in the first degree is a Class C felony, ORS 164.055. ORS 161.705 provides that

"Notwithstanding ORS 161.525, when a person

---

① "When a defendant is held to answer on a charge of misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 134.020, except when it was committed:

"(1) By or upon an officer of justice while in the execution of the duties of his office;

"(2) Riotously; or

"(3) With an intent to commit a felony."

② "When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705, except when it was committed:

"(1) By or upon a peace officer while in the execution of the duties of his office;

"(2) Riotously; or

"(3) With an intent to commit a crime punishable only as a felony."

is convicted of any Class C felony * * * if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly."

We think by enacting ORS 161.705 the legislature intended to authorize a compromise of all Class C felonies which could be punished "as a misdemeanor". Any doubt is dispelled by a reading of the minutes of the Criminal Law Revision Commission pertaining to the amendment of ORS 134.010, now 135.703.[9]

During the oral argument in this court the assistant attorney general conceded with commendable frankness that the Class C felony of theft in the first degree could be compromised as provided in ORS 161.705.

Despite such concession the state argues that the decision of the Court of Appeals should be affirmed on the ground that the Employment Division, as the party injured, had not consented to the compromise. The state argues that the requirement of ORS 135.-705 that the party injured acknowledge "that he has received satisfaction for the injury" requires more than an acknowledgment that the amount stolen has been repaid in full. The state contends that the statute permits a crime to be compromised only if the party injured consents to the compromise.

The case turns on the meaning of "satisfaction" as used in ORS 135.705. Does it mean repayment or restitution in full or does it require, in addition, that the

---

[9] Hearings of the Criminal Law Revision Commission on ORS Chapter 134 at 41-43, October 3, 1972.

injured party be somehow persuaded to consent to a compromise of the crime?

ORS 135.705 provides simply that the court may, in its discretion, compromise the action. There is nothing in the statute to indicate that the court can exercise its discretion only with the consent of the injured party. To so construe the statute would vest in the injured party discretion to allow or deny compromise. We think the legislature did not intend to make compromise subject to the whim or caprice of the injured party. If the legislature had so intended, it would have made the consent of the injured party a condition precedent to a compromise. It did not so limit the discretion of the court and we think vested the power to compromise solely in the court's discretion.

One basic rule of statutory construction is that words used in a statute which have a well defined legal meaning are to be given that meaning in construing the statute. *Reed v. Reed,* 215 Or 91, 96, 332 P2d 1049 (1958); *Cordon v. Gregg,* 164 Or 306, 311-312, 97 P2d 732, 101 P2d 414 (1940); *In re Leet's Estate,* 104 Or 32, 57, 202 P 414, 206 P 548 (1922); *Crawford v. Linn County,* 11 Or 482, 498, 5 P 738 (1884). The common legal definition of the word "satisfaction" is either "the discharge of an obligation by paying a party what is due to him or what is awarded to him by the judgment of a court or otherwise", Black's Law Dictionary (4th ed, 1968); or, more simply stated, "the payment of a debt", Ballentine's Law Dictionary (3d ed, 1969). Applying these definitions to ORS 135.705, it is clear that the court may, in its discretion, compromise a crime if the injured party acknowledges in writ-

ing that he has received full payment of the amount stolen from him.

The judgment of the Court of Appeals is reversed and the judgment of the circuit court compromising the case is affirmed.