STATE OF OREGON,
*Appellant,*

*v.*

BINH THI THANH HA,
*Respondent.*

(M65930; CA A38775)

728 P2d 932

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Laura Graser, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals from the trial court's dismissal of a complaint charging defendant with theft in the second degree. ORS 164.045. The charge resulted from defendant's alleged shoplifting at a department store. After defendant was charged, the store management demanded and received payment from her pursuant to ORS 30.875. She moved to dismiss the charge on the ground that her payment to the store "represents a civil compromise" under ORS 135.703 to 135.709. The trial judge agreed and exercised his discretion to dismiss the charge. ORS 135.705(1). We do not agree that a theft victim's successful invocation of the remedies provided by ORS 30.875 constitutes a civil compromise under the separate statutory scheme of ORS 135.703 to 135.709. We therefore reverse and remand.

ORS 30.875(1)(a) provides:

> "An adult or an emancipated minor who takes possession of any merchandise displayed or offered for sale by any mercantile establishment, or who takes from any real property any agricultural produce kept, grown or raised on the property for purposes of sale, without the consent of the owner and with the intention of converting such merchandise or produce to the individual's own use without having paid the purchase price thereof, or who alters the price indicia of such merchandise, shall be civilly liable to the owner for actual damages, for a penalty to the owner in the amount of the retail value of the merchandise or produce not to exceed $500, and for an additional penalty to the owner of not less than $100 nor more than $250."

Three sections of the civil compromise statutes are relevant. ORS 135.703 provides:

> "When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705 [with exceptions not material here]."

ORS 135.705(1) provides:

> "If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, that the person has received satisfaction for the injury, the court may, in its discretion, on payment of the costs and expenses

incurred, order the accusatory instrument dismissed. The order must be entered in the register."

ORS 135.709 provides:

"No crime can be compromised nor can any proceeding for the prosecution or punishment thereof be stayed upon a compromise, except as provided in ORS 135.703 to 135.709 and 135.745 to 135.757."

The premise of defendant's argument is that a defendant's payment under ORS 30.875 is the functional and legal equivalent of an injured person's receiving satisfaction under the civil compromise statutes and that the dismissal of a charge pursuant to those statutes may therefore follow from the payment. The essence of the state's argument is that "ORS 30.875 was enacted as [a] deterrent to shoplifting in addition to the criminal law, not as an alternative to it" and that ORS 30.875 is wholly independent of and unrelated to ORS 135.703 to 135.709.

We agree with the state. ORS 30.875 was enacted by Oregon Laws 1979, chapter 592, section 2, long after the civil compromise statutes were in existence. The latter come into play if the "person injured * * * has received satisfaction for the injury," and they were enacted "as an alternative to the prosecution of misdemeanors that affect only persons who have a right to civil redress." *State v. Dugger,* 73 Or App 109, 113, 698 P2d 491 (1985). ORS 30.875 is not concerned solely with "satisfying" the injured person's economic loss. It is a civil penalty statute, aimed at penalizing the offender as well as providing redress for the victim. It allows the recovery of penal amounts in addition to actual damages.

Defendant's argument hinges on the coincidence that payments under ORS 30.875 may make the injured person whole, in addition to serving their other purposes, and thereby duplicate that condition precedent to the operation of the civil compromise statutes. However, the critical point which defendant misses is that, unlike the civil compromise statutes, ORS 30.875 is not designed as an alternative to prosecution. The legislative history demonstrates convincingly that the statute was intended to deter shoplifters and to provide recourse for merchants in ways that supplement rather than supersede the criminal justice process.

Defendant ascribes significance to the fact that neither the 1979 legislature nor subsequent sessions have addressed "the relationship between the civil compromise statute and the civil penalty statute." That fact does not seem to us to assist defendant. What it shows, if anything, is that the legislature intended there to be no relationship between the two statutory schemes. Defendant also proves too much by her observation:

> "Had [the store] simply waited until the criminal case was resolved before it sent its civil penalty letter, this issue would never have arisen."

We agree with defendant that a merchant may proceed under ORS 30.875 at various points along or beyond the prosecutorial continuum, *see* ORS 30.875(3), but it does not follow that the civil compromise statutes become applicable if the injured person makes a demand before trial rather than after. Indeed, it is most unlikely, in our view, that the legislature intended a defendant's criminal accountability to turn on the time that the merchant elects to invoke its ORS 30.875 rights. Accordingly, the very fact that the victim may proceed under ORS 30.875 after the defendant has been convicted is persuasive that the statute was not aimed at removing the defendant from the criminal justice system if the victim acts at an earlier time.

ORS 135.709 makes the civil compromise and speedy trial provisions of ORS chapter 135 the exclusive bases for the compromise of crimes and for the stay "upon a compromise" of "any proceeding for the prosecution or punishment thereof." That statute has not been amended since ORS 30.875 was enacted. There is no reason why we cannot or must not read it literally.

Summarily stated, ORS 30.875 and ORS 135.703 to 135.709 are separate statutes with separate purposes. The former has the principal purpose of establishing civil penalties to supplement the penalties of the criminal law as a deterrent to shoplifting. The latter allows the offender to tender satisfaction and the victim to accept it as an alternative to criminal prosecution. The fact that the two statutes are not inconsistent in the way that they affect the victim does not mean that the other effects of the civil compromise statutes arise when ORS 30.875 is pursued.

Defendant relies on *State v. Dumond,* 270 Or 854, 530 P2d 32 (1974), where the court held that ORS 135.705 gives trial courts discretion to dismiss charges if the injured party acknowledges in writing that he or she has received satisfaction, whether or not that party or the state consents to the dismissal. *Dumond* is a literal and manifestly correct interpretation of ORS 135.705. However, it has no bearing on this case, for the same reasons that the statute it construes has no bearing on the case,[1] The trial court erred as a matter of law by allowing the motion to dismiss.

Reversed and remanded.

.

---

[1] We do not suggest that a merchant who has received a payment pursuant to ORS 30.875 may not *choose* to treat the payment as *also* providing "satisfaction for the injury" under ORS 135.705. To do so, the victim must acknowledge in writing that he has received "satisfaction for the injury." Indeed, ORS 135.705 does not define what an injured person *may* regard as "satisfaction." By way of example, a restaurant owner may accept dishwashing services instead of police and judicial intervention as redress for a patron's nonpayment. Our holding is that the two statutory schemes do not overlap and that the civil compromise statutes do not *automatically* come into operation by virtue of a payment required by ORS 30.875.