Argued and submitted March 11, reversed and remanded July 31, 1996

STATE OF OREGON,
*Appellant,*

*v.*

ERIC LEE REETZ,
*Respondent.*

(M95-77; CA A89387)

920 P2d 568

Katherine H. Waldo, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Raoul Hutchens argued the cause for respondent. With him on the brief was Morris, Bofferding & Spinhirne.

Before Riggs, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

The state appeals the trial court's dismissal of a charge of theft in the third degree. ORS 164.043. We reverse.

The facts are not disputed. Defendant was charged with theft in the third degree for shoplifting from a Shop N'Kart store in The Dalles on March 9, 1995. Before the case came to trial, Shop N'Kart sent defendant a demand letter pursuant to ORS 30.875.[1] The letter gave defendant until April 10, 1995 to pay $107.67, and threatened a civil action if he did not comply with the demand. Defendant paid the amount on April 3, 1995. Defendant then moved to dismiss the criminal complaint on the ground that the payment to Shop N'Kart constituted "punishment" and, therefore, prosecution of the criminal case would constitute double jeopardy in violation of the Fifth Amendment.[2] The trial court granted defendant's motion.[3]

---

[1] The statute provides, as relevant:

"(1)(a) An adult * * * who takes possession of any merchandise displayed or offered for sale by any mercantile establishment * * *, without the consent of the owner and with the intention of converting such merchandise * * * to the individual's own use without having paid the purchase price thereof, * * * shall be civilly liable to the owner for actual damages, for a penalty to the owner in the amount of the retail value of the merchandise * * * not to exceed $500, and for an additional penalty to the owner of not less than $100 nor more than $250.

"* * * * *

"(3) A conviction for theft is not a condition precedent to the maintenance of a civil action under this section. * * *

"* * * * *

"(5) An action for recovery of damages under this section may be brought in any court of competent jurisdiction, including the small claims department of a district court if the total damages do not exceed the jurisdictional limit of the small claims department.

"(6) The fact that an owner or seller of merchandise * * * may bring an action against an individual for damages as provided in this section shall not limit the right of the owner or seller to demand, in writing, that a person who is liable for damages under this section remit said damages prior to the commencement of any legal action."

[2] At trial, defendant also asserted that the prosecution violated Article I, section 12, of the Oregon Constitution. On appeal, he states that his argument is only under the federal constitution.

[3] The court ruled, in part:

"To me, it's a, Shop N'Kart could not maintain this action if it were not for the delegation of authority from the state to maintain this action and in effect,

■    The state argues that the court erred in finding that payment to Shop N'Kart, which resulted from application of ORS 30.875, subjected defendant either to "punishment" or "prosecution" at the hands of the government.[4] It argues that the statute authorizes recovery of damages and penalties by private shop owners, and the fact that the recovery theoretically advances governmental interest in deterring shoplifting[5] and may be imposed through court action does not change the fact that an action pursuant to ORS 30.875 is an action between private parties. Therefore, the state contends, double jeopardy is not implicated. *United States v. Halper*, 490 US 435, 451, 109 S Ct 1892, 104 L Ed 2d 487 (1989) (protections of the double jeopardy clause not triggered by litigation between private parties).

Defendant concedes that "a predicate to invoking the protections of the double jeopardy clause" is that the punishment must be at the hands of the government, not a private party. *See Richardson v. United States*, 468 US 317, 104 S Ct 3081, 82 L Ed 2d 242 (1984) (jeopardy rule aimed at practices of government). Defendant argues, however, that *Halper* did not create "a bright line" that always bars application of the double jeopardy clause when a private party demands penalties pursuant to a statute. He cites *Adickes v. Kress & Co.*, 398 US 144, 170, 90 S Ct 1598, 26 L Ed 2d 142 (1970), for the proposition that, when a state has commanded a particular result it has, to a significant extent, become involved in the result. That proposition applies here, defendant contends, where ORS 30.875 has the goal of punishment and provides what the punishment will be:

"At the time a person shoplifts, they [*sic*] are immediately liable to the merchant for the amounts set forth in ORS 30.875. This mandated liability is punishment in itself. The merchant need take no action, the shoplifter is liable; the

---

to punish [defendant]. And it seems to me like it's possibly a distinction without a difference to say it isn't being done by the state."

[4] Alternatively, the state contends that, if ORS 30.875 does sufficiently involve the government to implicate jeopardy concerns, then the penalties provided in the statute are not "punishment." Because we agree with the state's first position, we do not reach its alternative argument.

[5] *See Payless Drug Stores v. Brown*, 80 Or App 255, 258, 722 P2d 31, *rev den* 302 Or 159 (1986).

state of Oregon has *commanded* this result." (Emphasis defendant's.)

■    Defendant's citation to *Adickes*, a civil rights action under 42 USC § 1983 considered under the Fourteenth Amendment, does not assist him. Defendant's position ignores the basic tenet that it is beyond dispute that the legislature may define and enforce obligatory conduct by means other than the criminal law, including the creation of private remedies, which may extend beyond compensatory damages. *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 100, 570 P2d 52 (1977). *See also Chattanooga Foundry & P. Works v. Atlanta*, 203 US 390, 396-97, 27 S Ct 65, 51 L Ed 241 (1906) (congress has power to provide action for damages to an individual who suffers by breach of the law). The statutory penalty provided in ORS 30.875 is a private remedy: A statutory penalty permits an *individual* to recover against a wrongdoer, as a satisfaction for the wrong or injury suffered, without reference to the actual damage sustained. *Nordling v. Johnston*, 205 Or 315, 324, 283 P2d 994, 287 P2d 420 (1955).

Despite defendant's argument to the contrary, ORS 30.875 is not self-operating. A merchant must bring an action under ORS 30.875 and, as in any other action, must prove the defendant's liability. If the merchant meets the burden of proof and damages and penalty are awarded,[6] the recovery is to the merchant, not the state. In short, defendant's argument does not demonstrate that the state has any interest in, control over, or recovery from an action brought pursuant to ORS 30.875.

The *Halper* Court clearly recognized that double jeopardy does not preclude the right of a private party to seek damages for conduct that is criminal:

> "[N]othing in today's opinion precludes a private party from filing a civil suit seeking damages for conduct that previously was the subject of criminal prosecution and punishment." 490 US at 451.

---

[6] ORS 30.875 permits recovery of actual damages, if any, and penalties. Recovery of penalties is not automatic but determined by the finder of fact. ORS 30.875(5). *Payless*, 80 Or App at 263 n 7 ("The legislature has not made a standardless delegation to the merchant to decide the amount of the penalty. ORS 30.875(2) sets its limit, and the amount is subject to jury determination.").

ORS 30.875 authorizes such a recovery by a merchant from a shoplifter. ORS 30.875 does not implicate double jeopardy considerations, and the trial court erred in granting defendant's motion to dismiss.

Reversed and remanded.