Argued and submitted July 23, reversed and remanded September 10, petition for
review allowed December 16, 1997 (326 Or 233)

STATE OF OREGON,
*Appellant,*

*v.*

GLORIA JEAN JOHNSEN,
*Respondent.*

(96NB1336; CA A95345)

945 P2d 1064

Kaye E. Sunderland, Assistant Attorney General, argued
the cause for appellant. With her on the brief were Hardy
Myers, Attorney General, and Virginia L. Linder, Solicitor
General.

Walter J. Ledesma, Deputy Public Defender, argued the
cause for respondent. With him on the brief was Sally L.
Avera, Public Defender.

Before De Muniz, Presiding Judge, and Haselton, Judge, and Richardson, Senior Judge.

HASELTON, J.

**HASELTON, J.**

The state appeals from an order dismissing its accusatory instrument charging defendant with theft in the second degree. ORS 164.045. We reverse and remand.

On September 23, 1996, defendant was charged with theft in the second degree for allegedly "committing theft of the property of Fred Meyer, the total value of property stolen being between $50.00 and $750.00." On October 17, defendant filed a pretrial motion to dismiss "on the grounds of a civil compromise." As evidence of the civil compromise, defendant attached a copy of a signed Fred Meyer receipt that read: "Civil penalty of $252.98 was paid in Full as of 10/2/96. Thank you." Five days later, on October 22, and before the state filed a response to the motion, the trial court granted the motion and ordered the charge dismissed.[1]

The state moved thereafter to "set aside the judgment,"[2] arguing that, under *State v. Ha*, 82 Or App 570, 728 P2d 932 (1986), *rev den* 302 Or 657 (1987), "a defendant is not entitled to a dismissal [as a civil compromise] upon making payment to a store [for a civil penalty]." Defendant opposed the motion. The trial court scheduled oral argument on the "motion to set aside" for a date more than 30 days after the entry of its original order, *i.e.*, after the state's notice of appeal would be due. ORS 138.071. Accordingly, the state asked that the hearing be expedited. The trial court subsequently denied that request and concurrently, without comment, denied the "motion to set aside the judgment."

■ The state appeals from the order dismissing the accusatory instrument, pursuant to ORS 138.060,[3] and

---

[1] Although there was a five-day period between the motion and the trial court's order, two of those days were Saturday and Sunday, giving the state, at most, only three working days to respond to defendant's motion.

[2] Although the state denominated its motion a "Motion to Set Aside the Judgment," there is no judgment in this case.

[3] ORS 138.060 provides, in part:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument[.]"

assigns error to both that ruling and the ruling denying its "motion to set aside." The state argues, particularly, that the trial court's order of dismissal was "plain error," irreconcilable with our holding in *Ha*, and that we should exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to review and correct that error. We agree.

As explained immediately below, the trial court's order of dismissal was irreconcilable with *Ha*. However, the state did not so argue until *after* the court entered its order. However, the asserted error is error "apparent on the face of the record," ORAP 5.45(2), and the circumstances here militate in favor of exercising our discretion to address that error. *Ailes*, 312 Or at 382.

■ Here, the error was apparent on the face of the record. That is, given *Ha*, it is "obvious, not reasonably in dispute," *Ailes*, 312 Or at 381, that the trial court erred in determining that defendant's submission in support of her motion was sufficient to permit dismissal of the criminal charge.

Defendant was potentially subject to both a criminal sanction for theft and a civil penalty. *See* ORS 30.875.[4] Pursuant to the civil compromise statutes, ORS 135.703 to 135.709, trial courts may dismiss criminal charges upon sufficient proof of a civil compromise.[5] Sufficient proof of a civil

---

[4] ORS 30.875(1)(a) provides:

"An adult or an emancipated minor who takes possession of any merchandise displayed or offered for sale by any mercantile establishment, or who takes from any real property any agricultural produce kept, grown or raised on the property for purposes of sale, without the consent of the owner and with the intention of converting such merchandise or produce to the individual's own use without having paid the purchase price thereof, or who alters the price indicia of such merchandise, shall be civilly liable to the owner for actual damages, for a penalty to the owner in the amount of the retail value of the merchandise or produce not to exceed $500, and for an additional penalty to the owner of not less than $100 nor more than $250."

[5] ORS 135.703(1) provides, in part:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705[.]"

ORS 135.705(1) provides:

"If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, that the person has received satisfaction for the injury, the court may, in its discretion, on payment of the costs and

compromise means a written acknowledgment "that the person, (*i.e.*, the complainant) has received satisfaction for the injury." ORS 135.705(1). In *Ha*, we held that evidence of payment of a *civil penalty*, pursuant to ORS 30.875, is not, by itself, sufficient evidence of a *civil compromise*. 82 Or App at 572. Rather, the defendant, in seeking dismissal, must adduce evidence that the complainant, in accepting payment of the civil penalty, explicitly acknowledged that that payment constituted full "satisfaction for the injury" incurred. *Id.* at 575 n 1.

Here, defendant's motion to dismiss styled the Fred Meyer receipt, which indicated that defendant had paid a "civil penalty," as "a copy of a writing by a representative of the alleged victim, acknowledging receipt of satisfaction for the alleged injury." Defendant's self-serving characterization of the receipt does not make it so. As in *Ha*, the receipt here showed *only* that defendant had paid her civil penalty. Fred Meyer did not specifically acknowledge that the civil penalty payment also represented, or effected, "satisfaction for the alleged injury." Thus, the trial court's order of dismissal constituted error on the face of the record.[6]

We exercise our discretion to review and correct that error. *Ailes*, 312 Or at 382. This is not a case in which the state had ample opportunity to make its present argument but failed to do so. Rather, the record reveals that the court granted dismissal, before the state responded, five days after

_____

expenses incurred, order the accusatory instrument dismissed. The order must be entered in the register."

ORS 135.709 provides:

"No crime can be compromised nor can any proceeding for the prosecution or punishment thereof be stayed upon a compromise, except as provided in ORS 135.703 to 135.709 and 135.745 to 135.757."

[6] Defendant cites *State v. Dumond*, 270 Or 854, 530 P2d 32 (1974), as support for her assertion that the court correctly interpreted the receipt as a "writing from the injured party acknowledging [it] had received full payment of the amount stolen from [it]." In *Dumond*, the court said that it was in the court's discretion to "compromise a crime if the injured party acknowledges in writing that he has received full payment of the amount stolen from him." *Id.* at 858-59. *Dumond* did not involve the effect of a defendant's payment of the civil penalty, pursuant to ORS 30.875. It is thus inapposite to the facts of this case. *See Ha*, 82 Or App at 575 ("*Dumond* is a literal and manifestly correct interpretation of ORS 135.705. However, it has no bearing on this case, for the same reasons that the statute it construes has no bearing on the case.").

defendant's motion was filed and served. Moreover, defendant's own memorandum of authorities in support of her motion noted *Ha* with a "but see" citation. Thus, defendant has not been "sandbagged" by the state's appellate argument. *See generally Lutz v. State of Oregon*, 130 Or App 278, 287, 881 P2d 171 (1994) (Haselton, J., concurring) (addressing issues underlying preservation doctrine, including fairness, impact on record development, judicial economy and efficiency, and comity).

Reversed and remanded.