Argued and submitted May 7, decision of Court of Appeals reversed, judgment of circuit court affirmed July 24, 1998

STATE OF OREGON,
*Respondent on Review,*

*v.*

GLORIA JEAN JOHNSEN,
*Petitioner on Review.*

(CC 96NB1336; CA A95345; SC S44606)

962 P2d 689

Walter J. Ledesma, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondent on review. With her on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Leeson, Justices.**

** Kulongoski, J., did not participate in the consideration or decision of this case.

LEESON, J.

## LEESON, J.

The issue in this criminal proceeding is whether payment of a civil penalty pursuant to ORS 30.875 is "satisfaction for the injury" for the purpose of ORS 135.703 *et seq.* (civil compromise statutes).[1] The Court of Appeals held that such payment is not "satisfaction for the injury." *State v. Johnsen,* 149 Or App 711, 945 P2d 1064 (1997). We conclude that it is. Accordingly, we reverse the contrary decision of the Court of Appeals.

On September 23, 1996, the state filed an information charging defendant with the Class A misdemeanor of theft in the second degree, ORS 164.045, for allegedly stealing merchandise valued at $102.98 from a Fred Meyer store in Coos Bay. On October 17, defendant moved to dismiss the charge "on the grounds of a civil compromise." As evidence of "satisfaction for the injury" under the civil compromise statutes, defendant attached a copy of a receipt that she had received from a Fred Meyer employee stating: "Civil Penalty of $252.98 was paid in Full as of 10/2/96. Thank you."[2] Defendant did not request a hearing on her motion to dismiss, and the state did not file a response to that motion. On October 22, the trial court granted defendant's motion to dismiss and entered a judgment of dismissal.[3]

On October 28, the state moved to set aside the judgment of dismissal, arguing that the trial court had granted defendant's motion to dismiss based on civil compromise "before checking with the DA's office to see if we opposed such motion and thus require[d] a hearing on the matter." The state's affidavit explained:

---

[1] The text of the relevant statutes is set out below.

[2] The parties agree that reference to "civil penalty" in that receipt is to the civil penalty provided for in ORS 30.875(1)(a).

[3] UTCR 4.050 provides, in part:

"(1) There must be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response."

We note that although there was a five-day period between defendant's motion and entry of the trial court's order, two of those days were Saturday and Sunday. At most, the state had only three working days to respond to defendant's motion.

"The State opposes dismissal of this case because there has been no civil compromise. Although Fred Meyer has exercised its right to civil damages under ORS 30.875, no civil compromise has been entered into. According to *State v. Ha*, 82 Or App 570 (1986) and *State v. Reetz*, 142 Or App 421 (1996), a defendant is not entitled to a dismissal under ORS 135.703 *et seq* upon making payment to a store under ORS 30.875."

The court scheduled oral argument for November 22 on the state's motion to set aside. On November 7, the state requested that the hearing date be moved to sometime before November 20, because the state desired "to preserve its right to an appeal" from the October 22 judgment. On November 12, the trial court denied the state's motion to change the hearing date and entered an order denying the state's motion to set aside the October 22 judgment of dismissal.

The state appealed from the judgment of dismissal. It argued that, under *State v. Ha*, 82 Or App 570, 728 P2d 932 (1986), *rev den* 302 Or 657 (1987), payment of a civil penalty is not sufficient evidence of satisfaction for the injury for the purpose of the civil compromise statutes. It also contended that the trial court abused its discretion in denying the state's motion to set aside the judgment, because the state was not accorded "a reasonable opportunity to respond and request oral argument" on defendant's motion to dismiss.

Defendant responded that, under *State v. Dumond*, 270 Or 854, 530 P2d 32 (1974), written acknowledgment of payment of a civil penalty under ORS 30.875 is sufficient evidence of satisfaction for the injury for the purpose of the civil compromise statutes. Defendant also argued that the trial court did not abuse its discretion in denying the state's motion to set aside the judgment and that the state did not properly preserve its argument that it was not afforded a reasonable opportunity to respond to defendant's motion to dismiss.

The Court of Appeals reversed, concluding that the trial court had committed an error apparent on the face of the record because, under *Ha*, "payment of a *civil penalty*, pursuant to ORS 30.875, is not, by itself, sufficient evidence of a *civil compromise*." *Johnsen*, 149 Or App at 715 (emphasis in

original). The court remanded the case to the trial court for further proceedings.

The legal issue on review is whether payment of a civil penalty under ORS 30.875 is sufficient evidence of satisfaction for the purpose of the civil compromise statutes. Resolution of that issue is a matter of statutory construction. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (explaining statutory construction methodology). The starting point of our analysis is the text and context of the relevant civil compromise statutes. *Id.* at 610-11.

ORS 135.703(1) provides, in part:

"When a defendant is charged with a crime punishable as a misdemeanor for which the person injured by the act constituting the crime has a remedy by a civil action, the crime may be compromised, as provided in ORS 135.705 * * *."

ORS 135.705(1) provides, in part:

*"If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, that the person has received satisfaction for the injury,* the court may, in its discretion, on payment of the costs and expenses incurred, order the accusatory instrument dismissed." (Emphasis added.)

The statutory requirements for a civil compromise are that (1) the crime is punishable as a misdemeanor, (2) a civil remedy exists to compensate the victim, (3) the victim acknowledges in writing before trial receipt of "satisfaction for the injury," and (4) the trial court exercises its discretion to dismiss the accusatory instrument on payment of the costs and expenses incurred.

In *Dumond*, this court interpreted the term "satisfaction" in ORS 135.705(1) to mean that "the injured party acknowledges in writing that he has received full payment of the amount stolen from him." *Dumond*, 270 Or at 858-59. Five years after *Dumond*, the legislature enacted ORS 30.875, which provides, in part:

"(1)(a)   An adult * * * who takes possession of any merchandise displayed or offered for sale by any mercantile

establishment * * * without the consent of the owner and with the intention of converting such merchandise * * * to the individual's own use without having paid the purchase price thereof, or who alters the price indicia of such merchandise, shall be civilly liable to the owner for actual damages, for a penalty to the owner in *the amount of the retail value of the merchandise* * * * not to exceed $500, and for an additional penalty to the owner of not less than $100 nor more than $250." (Emphasis added.)

The state contends that the interpretation of "satisfaction" in *Dumond* has no bearing on the resolution of this case because, when *Dumond* was decided, ORS 30.875 did not exist and adoption of that statute "chang[ed] the legislative landscape within which the meaning of [the civil compromise statutes] must be assessed." We disagree.

Enactment of ORS 30.875 gave merchants a new civil remedy to recover damages from shoplifters. That statute allows merchants to seek recovery of actual damages, a civil penalty in the amount of the retail value of the stolen goods up to $500, and an additional civil penalty in an amount between $100 and $250. When it enacted ORS 30.875, the legislature did not refer to the phrase, "satisfaction for the injury," in the civil compromise statutes; nor did it give any indication that, by enacting ORS 30.875, it intended to modify this court's interpretation of "satisfaction" in *Dumond*. In our view, enactment of ORS 30.875 did not affect the context of *Dumond*'s interpretation of "satisfaction" in ORS 135.705, an interpretation that the state does not question separately. *But see Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995) (reexamination of prior statutory construction appropriate when all stated bases of prior construction either no longer applied or were no longer correct because of statutory revision). The interpretation of "satisfaction" in *Dumond* remains valid.

As this court held in *Dumond*, for the purpose of civil compromise, "satisfaction for the injury" consists of written acknowledgment from the victim of receipt of full payment of the amount stolen. The state concedes that payment of a civil penalty under ORS 30.875 necessarily includes full payment of the retail value of the stolen merchandise. It follows that written acknowledgment from the merchant that a shoplifter

paid the civil penalty provided by ORS 30.875 is "satisfaction for the injury" for the purpose of the civil compromise statutes.

In this case, before defendant's trial on the accusatory instrument, the merchant gave written acknowledgment that it had received from defendant full payment of a civil penalty. That acknowledgment provided the trial court with evidence of "satisfaction for the injury" under ORS 135.705. The state does not argue that theft in the second degree is not punishable as a misdemeanor, that no civil remedy exists to compensate the victim in this case, or that defendant failed to pay the costs and expenses incurred. The first three requirements for civil compromise, described above, were satisfied in this case.

The state's next assignment of error is that the fourth requirement for civil compromise was not satisfied, because the trial court abused its discretion in entering a judgment of dismissal without giving the state an adequate opportunity to respond to defendant's motion to dismiss. As explained below, we conclude that the state did not preserve that argument for appeal.

The affidavit supporting the state's motion to set aside the judgment of dismissal stated that the trial court "signed defendant's motion to dismiss based on civil compromise before checking with the DA's office to see if we opposed such motion and thus require[d] a hearing on the matter." The affidavit then stated that the state "did, in fact, oppose defendant's motion." Neither the state's motion nor its accompanying affidavit informed the trial court that the state believed that the court had denied the state a reasonable opportunity to respond to defendant's motion to dismiss. The state's contention that the trial court had a responsibility to "[check] with" the district attorney's office before ruling on defendant's motion is different from its argument on appeal that the trial court did not give it a reasonable opportunity to respond to that motion. Consequently, the latter argument was not preserved and we do not address it. ORAP 5.45(2).

The decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed.