No. 264       April 24, 2024       231

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO JEAN BILBAO,
*Defendant-Appellant.*

Washington County Circuit Court
22CR16253; A178836

Chris C. Colburn, Judge.

Argued and submitted January 24, 2024.

James Brewer, Deputy Public Defender, argued the cause for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed and remanded.

**JACQUOT, J.**

Defendant was convicted of one count of second-degree theft, ORS 164.045, after an incident in which he stole merchandise from a Macy's. In his only assignment of error, he argues that the trial court erred by denying his motion to dismiss the charge pursuant to a civil compromise under ORS 135.703 and ORS 135.705. We reverse and remand for further proceedings consistent with this opinion.

Defendant stole merchandise worth $336.68 from Macy's. The items were immediately recovered, and Macy's issued a "Civil Demand Notice" for $586.68, representing a $336.68 penalty based on the value of the merchandise and the maximum allowable additional penalty of $250 pursuant to ORS 30.875. The Civil Demand notice stated:

> "This state has passed a Civil Recovery (Civil Demand) law permitting retailers to recover a monetary penalty and/or damages from you as a result of this incident. The Civil Demand fee may take into consideration the retail value of the merchandise, whether or not it was recovered, damaged, or non-saleable, and an additional amount as a penalty permitted by law."

Macy's then sent defendant a letter titled "RELEASE OF CIVIL LIABILITY" that stated:

> "Dear [defendant,] This letter will confirm that MACYS has received full payment of the civil demand claims arising out of the incident that occurred at MACYS on 3/13/22 involving you. This release is expressly limited to the civil liability claim, and does not alter or affect any liability, penalty, or punishment which may arise under Criminal Statutes. Further, this release is void if payment received for settlement is non-negotiable."

Defendant moved to dismiss the charge pursuant to civil compromise under ORS 135.703 and ORS 135.705. Defendant argued that because Macy's had acknowledged his payment of the full civil penalty amount allowed under ORS 30.875, and released him from civil liability, it had acknowledged full satisfaction as required for a civil compromise. The state opposed the motion.

At a hearing on the motion, the court rejected defendant's argument, reasoning:

"One, the first case you cited, the Supreme Court said, 'Look—if the legislature wanted to leave the civil compromise up to the victim, they could write that into the law.' And then the legislature turned around and wrote it into the law. And that's what that amendment to that statute is.

"The second way I think your argument fails is, under ORS 30.875, the penalties available to the retailer are actual damages in an amount less than $500, up to an amount of less than $500 as a penalty. And an additional penalty of more than $100 but not greater than $250.

"So, if your argument is the $338 [*sic*] is evidence of the satisfaction, that's evidence of the penalty under ORS 30.875, and the civil compromise statute says you can't look at evidence of the civil penalty."

On appeal, the parties dispute whether Macy's written acknowledgment of receiving the full payment of the civil demand and releasing him from further civil liability satisfies ORS 135.705.

When determining whether to accept a proposed civil compromise, the trial court engages in a two-step process. *State v. Bayliss*, 331 Or App 492, 496, ___ P3d ___ (2024). First, it must determine whether it has the statutory authority to accept the compromise. *Id.* Second, if it does have the statutory authority, it exercises its discretion to decide whether to accept the compromise and dismiss the charges. *Id.* Here, at step one, the trial court determined that it did not have the statutory authority and did not proceed to step two.

Under ORS 135.703 and ORS 135.705(1)(a), a trial court has statutory authority to dismiss a charge pursuant to a civil compromise only if four conditions are met:

"(1)   the defendant is charged with a crime punishable as a misdemeanor, (2)   the person injured by the act constituting the crime has a remedy by civil action, (3)   the person injured acknowledges in writing before trial that the person has received satisfaction for the injury, and (4) the defendant pays costs and expenses incurred."

*State v. Ferguson*, 261 Or App 497, 500, 323 P3d 496 (2014) (summarizing requirements of ORS 135.703 and 135.705(1) (a)). Here, the parties' dispute concerns only the third condition—specifically, what is required from a retailer to show that it has "received satisfaction for the injury," ORS 135.705(1)(a), with regard to a shoplifter, in light of the legislative addition of ORS 135.705(1)(b). ORS 135.705(1)(b) provides that "a written acknowledgment that a civil penalty under ORS 30.875 has been paid is not evidence that the person injured has received full satisfaction for the injury and is not a compromise under this section." ORS 30.875(1) gives retailers a civil cause of action against shoplifters for two civil penalties: a penalty in the amount of the merchandise up to $500, and an additional penalty of up to $250.[1] The shoplifter is also required to pay actual damages. ORS 30.875(1).

The parties disagree about whether an acknowledgment from a merchant that a defendant has resolved their full obligations under ORS 30.875 is sufficient evidence to allow a trial court the statutory authority to proceed to step two and exercise its discretion, or whether ORS 135.705(1) (b) requires something more. Here, the trial court concluded that something more was needed under the statute and, therefore, it did not have the statutory authority to consider the purported compromise.

The parties agree that the outcome in this case turns on the intent of the legislature when it added paragraph (1)(b) to ORS 135.705. The state argues that by enacting ORS 135.705(1)(b), the legislature intended to maintain a separation between civil compromises and a defendant's liability under ORS 30.875; repudiate a Supreme Court decision; and allow courts to process civil compromises under the previous understanding of that body of law. Defendant argues that the legislature intended to ensure that retailers

---

[1] ORS 30.875(1) provides, in relevant part,

"An adult *** who takes possession of any merchandise displayed or offered for sale by any mercantile establishment *** without the consent of the owner and with the intention of converting such merchandise or produce to the individual's own use without having paid the purchase price thereof *** shall be civilly liable to the owner for actual damages, for a penalty to the owner in the amount of the retail value of the merchandise *** not to exceed $500, and for an additional penalty to the owner of not less than $100 nor more than $250."

were paid the full amount owed to them rather than only the penalties allowed by ORS 30.875.

Questions of statutory construction are "questions of law that we review for legal error." *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023). Our goal is to determine the legislature's intent. ORS 174.020; *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We begin by considering the text and context of ORS 135.705(1)(b). *Gaines*, 346 Or at 171-72. A statute's context "includes other provisions of the same or related statutes, the pre-existing statutory framework within which the statute was enacted," and prior decisions that have interpreted it. *Ogle v. Nooth*, 355 Or 570, 584, 330 P3d 572 (2014). In addition to text and context, we consider the legislative history of the statute and accord it the weight that we consider to be appropriate. ORS 174.020(3); *Gaines*, 346 Or at 171-72. Importantly, "this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

"Because there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes, we begin with the text of the statute." *Alfieri v. Solomon*, 358 Or 383, 392, 365 P3d 99 (2015) (internal quotation marks omitted). ORS 135.705(1) provides:

"(a)  If the person injured acknowledges in writing, at any time before trial on an accusatory instrument for the crime, *that the person has received satisfaction for the injury*, the court may, in its discretion, on payment of the costs and expenses incurred, enter a judgment dismissing the accusatory instrument.

"(b)  For purposes of paragraph (a) of this subsection, *a written acknowledgment that a civil penalty under ORS 30.875 has been paid is not evidence that the person injured has received full satisfaction for the injury and is not a compromise under this section*."

(Emphases added.)

ORS 135.705(1)(b) expressly references ORS 30.875. As noted above, ORS 30.875(1) requires shoplifters to pay

three amounts: (1) "actual damages," (2) "a penalty to the owner in the amount of the retail value of the merchandise \*\*\* not to exceed $500," and (3) "an additional penalty to the owner of not less than $100 nor more than $250." The second and third amounts are "penalties," while the first is not. *See State v. Reetz*, 142 Or App 421, 425 n 6, 920 P2d 568 (1996) ("ORS 30.875 permits recovery of actual damages, if any, and penalties."). Defendant's argument, as we understand it, is that because ORS 135.705(1)(b) excludes "a written acknowledgment that a *civil penalty* under ORS 30.875 has been paid" (emphasis added) from being evidence of a civil compromise, the legislature must have intended to limit the trial court's authority to accept a civil compromise where the only evidence of satisfaction is an acknowledgment that the second and third amounts have been paid. In defendant's view, had the legislature intended to bar civil compromises even when the writing acknowledges that the defendant has paid *everything* owed under ORS 30.875 and has been released from further civil liability, it would not have specifically referenced a civil "penalty."

A recitation of the progression of the law interpreting ORS 135.703 and ORS 135.705 in the context of ORS 30.875 and leading to the enactment of ORS 135.705(1)(b) provides important context for our interpretation. *Ogle*, 355 Or at 584. Three cases decided prior to the enactment of ORS 135.705(1)(b) provide the necessary context.

In 1974, in *State v. Dumond*, the defendant was charged with first-degree theft for obtaining $534 in unemployment benefits while he was employed and earning wages. 270 Or 854, 855, 530 P2d 32 (1974). After the defendant repaid the amount, the Employment Division acknowledged that it had received payment "in full in the amount of $534," but advised that by accepting the payment it was not consenting to a civil compromise. *Id.* at 855-56. The trial court ordered the indictment dismissed pursuant to a civil compromise over the objections of the district attorney and the Employment Division. *Id.* at 856. On review, the Supreme Court considered whether the term "satisfaction" in ORS 135.705 requires that the victim consent to the compromise and determined that it does not. *Id.* at 857-58. It concluded that "the legislature did

not intend to make compromise subject to the whim or caprice of the injured party" because if it had, it would have made that consent a requirement in the statute. *Id.* at 858. Looking to the common legal definition of "satisfaction," being either "the discharge of an obligation by paying a party what is due to him or what is awarded to him by the judgment of a court of otherwise" or, more simply, "the payment of a debt," it determined that the trial court has discretion to compromise the charge "if the injured party acknowledges in writing that he has received full payment of the amount stolen from him." *Id.* at 858-59 (internal quotation marks and citations omitted).

In 1979, the legislature enacted ORS 30.875, giving retailers a private cause of action against shoplifters for civil penalties. Or Laws 1979, ch 592, § 2.

In 1986, in *State v. Ha*, we addressed the relationship between ORS 30.875 and the civil compromise statutes. 82 Or App 570, 572, 728 P2d 932 (1986), *rev den*, 302 Or 657 (1987). In *Ha*, the defendant was charged with second-degree theft after shoplifting at a department store. *Id.* The store demanded and received payment from her pursuant to ORS 30.875, and the defendant moved to dismiss the charge, arguing that her payment "represents a civil compromise." *Id.* The trial court dismissed the charge. *Id.* On the state's appeal, the defendant argued that payment under ORS 30.875 was the "functional and legal equivalent of an injured person's receiving satisfaction under the civil compromise statutes." *Id.* at 573. We reversed, concluding that although ORS 30.875 was aimed at providing civil redress for the victim, it was also aimed at penalizing the offender. *Id.* Ultimately,

> "ORS 30.875 and ORS 135.703 to 135.709 are separate statutes with separate purposes. The former has the principal purpose of establishing civil penalties to supplement the penalties of the criminal law as a deterrent to shoplifting. The latter allows the offender to tender satisfaction and the victim to accept it as an alternative to criminal prosecution. The fact that the two statutes are not inconsistent in the way that they affect the victim does not mean that the other effects of the civil compromise statutes arise when ORS 30.875 is pursued."

*Id.* at 574.

We concluded that *Dumond*'s holding that victim consent is not required had no bearing on the case for the same reasons that the civil compromise statutes had no bearing: It was wholly unrelated. *Id.* at 575. Importantly, we noted that a retailer who received payment under ORS 30.875 may *choose* to treat the payment as "satisfaction for the injury" under ORS 135.705, but to do so, "the victim must acknowledge in writing that he has received 'satisfaction for the injury.' Indeed, ORS 135.705 does not define what an injured person *may* regard as 'satisfaction,'" but the statutes do not overlap, and "the civil compromise statutes do not *automatically* come into operation by virtue of a payment required by ORS 30.875." *Id.* at 575 n 1 (emphases in original).

In 1997, in *State v. Johnsen*, we again faced facts like those in *Ha*. 149 Or App 711, 945 P2d 1064 (1997) (*Johnsen I*), *rev'd*, 327 Or 415, 962 P2d 689 (1998) (*Johnsen II*). The defendant was charged with second-degree theft after stealing merchandise from a Fred Meyer. *Id.* at 713. The defendant moved to dismiss on the grounds of a civil compromise, providing as evidence a receipt signed by a Fred Meyer employee stating, "Civil penalty of $252.98 was paid in Full as of 10/2/96. Thank you." *Id.* The trial court granted the motion, and on appeal, we reversed, relying on *Ha* and stating,

> "In *Ha*, we held that evidence of payment of a *civil penalty*, pursuant to ORS 30.875, is not, by itself, sufficient evidence of a *civil compromise*. Rather, the defendant, in seeking dismissal, must adduce evidence that the complainant, in accepting payment of the civil penalty, explicitly acknowledged that that payment constituted full 'satisfaction for the injury' incurred.
>
> "*** As in *Ha*, the receipt here showed *only* that defendant had paid her civil penalty. Fred Meyer did not specifically acknowledge that the civil penalty payment also represented, or effected, 'satisfaction for the alleged injury.'"

*Id.* at 715 (emphases in original; citations omitted).

In *Johnsen II*, the Supreme Court disagreed. 327 Or at 415. The court focused on the definition of "satisfaction" provided in *Dumond* and noted that, although ORS 30.875

was enacted five years after that decision, the legislature did not refer to the phrase "satisfaction for the injury" nor give any indication that by enacting the statute, "it intended to modify this court's interpretation of 'satisfaction'" in *Dumond* and ORS 135.705. *Id.* at 420. The court reversed our decision, holding that,

> "for the purpose of civil compromise, 'satisfaction for the injury' consists of written acknowledgment from the victim of receipt of full payment of the amount stolen. The state concedes that payment of a civil penalty under ORS 30.875 necessarily includes full payment of the retail value of the stolen merchandise. It follows that written acknowledgment from the merchant that a shoplifter paid the civil penalty provided by ORS 30.875 is 'satisfaction for the injury' for the purpose of the civil compromise statutes."

*Id.* at 420-21.

The next year, the legislature enacted the paragraph at issue in this case. Or Laws 1999, ch 925, § 1.

With that background in mind, as an initial matter, we believe it necessary to address whether *Ha* is still good law in light of the Supreme Court's subsequent decision in *Johnsen II*. "Whether one of our cases remains good law in light of a subsequent Supreme Court decision turns on whether the Supreme Court's decision overrules our prior holding and, if it does not, whether the court's analysis demonstrates that our prior decision is plainly wrong, such that we should overrule it ourselves." *State v. Stevens*, 329 Or App 118, 125, 540 P3d 50 (2023) (internal quotation marks omitted). A subsequent Supreme Court decision overrules our decision if it addresses the same question resolved in our case. *State v. McKnight*, 293 Or App 274, 278, 426 P3d 669, *rev den*, 363 Or 817 (2018).

We concluded in *Ha* that ORS 135.703 to 135.709 and *Dumond* had no bearing in the context of ORS 30.875, and that an acknowledgment that a defendant has paid what is required under ORS 30.875 is not sufficient to satisfy ORS 135.705(1)(a) without an acknowledgment from the victim that it has specifically received "satisfaction for the injury." *Ha*, 82 Or App at 574-75. In *Johnsen I*, the state argued, and we agreed, that we should reverse the trial court's order

because it was "irreconcilable with *Ha*," and our reasoning in the case relied entirely on *Ha*. *Johnsen I*, 149 Or App at 714-16.

The Supreme Court reversed our decision in *Johnsen I*, applied ORS 135.703 to 135.709 and *Dumond* in the context of ORS 30.875, and determined that a "written acknowledgment from the merchant that a shoplifter paid the civil penalty provided by ORS 30.875 is 'satisfaction for the injury' for the purpose of the civil compromise statutes." *Johnsen II*, 327 Or at 420-21. *Johnsen II* addressed the same question presented in *Ha*, and the court ruled in the opposite way. Therefore, the Supreme Court's decision in *Johnsen II* implicitly overruled *Ha*.

Returning to the case at hand, the parties base their arguments primarily on the legislative history of ORS 135.705(1)(b). Defendant contends that the legislature intended to repudiate the Supreme Court's decision in *Johnsen II* because the decision incorrectly relied on the belief that payment of the civil *penalties* under ORS 30.875 necessarily also included actual damages. Defendant argues that because the acknowledgment from Fred Meyer in *Johnsen* did not include information regarding whether the store recovered the merchandise undamaged or the defendant paid actual damages under ORS 30.875, nor did it release the defendant from civil liability, it is unclear whether Fred Meyer actually received in full what it was due. According to defendant, the legislature's concern with *Johnsen II* was that it set a standard where a defendant can take advantage of the civil compromise process after paying only the civil *penalties* due under ORS 30.875, even if the retailer has not received actual damages and truly recovered what it is owed. Therefore, defendant argues, his case is not one that the legislature intended to exclude from civil compromise when it enacted ORS 135.705(1)(b) because the letter he received from Macy's acknowledged that it had received "full payment of the civil demand claims" and released him from further civil liability, meaning it had received all that it considered due and, therefore, "full satisfaction."

The state, on the other hand, argues that the legislature intended to return the law to what it was under our

decisions in *Ha* and *Johnsen I*—namely, that an acknowledgment of payment of a civil demand under ORS 30.875, with or without actual damages, is an insufficient acknowledgment from the victim to allow the trial court to exercise its discretion to consider the compromise. According to the state, the legislature's goal was to ensure that the civil demand process under ORS 30.875 was kept entirely separate from the civil compromise process under ORS 135.705 and 135.703, and to ensure that a retailer exercising its rights under ORS 30.875 was not unknowingly and involuntarily providing an acknowledgment of payment that the defendant could then use to seek a civil compromise.

Both parties point us to legislative history to support their positions. However, overall, the legislative history is at best ambiguous.[2] We do not find it helpful and, accordingly, interpret the statute based on its plain text. *See Dept. of Human Services v. J. C.*, 365 Or 223, 231 n 2, 444 P3d 1098 (2019) ("We base our interpretation of [the statute] on its text. Both [parties] have provided some legislative history of the provision in support of their competing arguments. But the legislative history is ambiguous at best, and it does not lead us to a conclusion other than the one that we reach based on the text of [the statute]."); *see also Suchi v. SAIF*, 238 Or App 48, 55, 241 P3d 1174 (2010), *rev den*, 350 Or 231 (2011) ("Even assuming that the legislative history supported claimant's interpretation, we are required not to construe a statute in a way that is inconsistent with its plain text.").

ORS 30.875(1) establishes that shoplifters are required to pay three amounts to satisfy their civil liability to owners of merchandise: actual damages and two penalties. The legislature enacted ORS 30.875(1) as a deterrent

---

[2] There are pieces of the legislative history to support each party's argument. However, it is unclear to what extent the legislature understood the Supreme Court's holding in *Johnsen II*; the difference between a civil penalty, a civil demand under ORS 30.875, and a civil compromise; and the legal framework under which each operates. Tape Recording, Senate Judiciary Committee, HB 2462, June 10, 1999, Tape 227, Side B (statement of Legislative Counsel John Horton) ("When this bill came before the House Judiciary Committee on Criminal Law, it was one of the more confusing bills. I would emphasize that this is two statutes: one is the civil compromise statute, which is a criminal statute. And the other one is the civil action statute."). Given the confusion, much of the legislative history is nonspecific and internally contradictory, and it does not assist us.

to shoplifting and because, under general civil recovery law, if the retailer does not suffer actual damages—for example, if the merchandise is recovered—punitive damages cannot be recovered. *Payless Drug Stores v. Brown*, 80 Or App 255, 258, 722 P2d 31, *rev den*, 302 Or 159 (1986) ("The legislature recognized that, although shoplifting may involve a technical conversion, in a conversion action the merchant may not be able to prove damages if the merchandise is recovered and punitive damages could not, therefore, be recovered."); *Reetz*, 142 Or App at 425 ("The statutory penalty provided in ORS 30.875 is a private remedy: A statutory penalty permits an individual to recover against a wrongdoer, as a satisfaction for the wrong or injury suffered, without reference to the actual damage sustained." (Emphasis and internal citation omitted.)). Thus, the two penalty amounts specified in ORS 30.875(1) stand in for punitive damages that may not otherwise be recoverable in a shoplifting scenario.

The plain text of ORS 135.705(1)(b) specifies that "a written acknowledgment that a civil *penalty* under ORS 30.875 has been paid is not evidence that the person injured has received full satisfaction for the injury and is not a compromise under this section." (Emphasis added.) Therefore, the statute only restrains the trial court's discretion to consider the proposed compromise if the acknowledgment shows no more than that the statutory *penalties* have been paid. If the acknowledgment shows something more, such as that the defendant has satisfied their obligations under ORS 30.875 in full—including actual damages—and is released from further civil liability, ORS 135.705(1)(b) does not apply and, barring any other statutory constraint, the trial court has discretion to consider the proposed compromise.

Our analysis of the plain text of ORS 135.705(1)(b) reveals that it does not apply to defendant's case, and the trial court had discretion to decide whether to accept or deny the proposed compromise. It is undisputed that Macy's civil demand letter was based on ORS 30.875, and that (1) it recovered the merchandise and (2) defendant paid the applicable penalties. Macy's subsequent letter acknowledged that it had "received full payment of the *civil demand claims* arising out of the incident that occurred at MACYS on 3/13/22

involving [defendant]" and released him from further civil liability. (Emphasis added.) Accordingly, the letter acknowledged more than that defendant had paid the *penalties* that he owed under ORS 30.875 and, therefore, is not precluded from being offered as evidence of a civil compromise by ORS 135.705(1)(b). To be sure, the state may argue to the trial court why it should not exercise its discretion to dismiss the charge, but that is a separate question from whether the court has authority to dismiss it. The trial court did have the authority and, upon remand, must decide whether to do so as a discretionary matter.

Reversed and remanded.