No. 310 May 8, 2024 555

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN DALE WILLIAM BRAVO,
*Defendant-Appellant.*

Washington County Circuit Court
22CR16246; A178816

Chris C. Colburn, Judge.

Argued and submitted February 7, 2024.

James Brewer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed and remanded.

**JACQUOT, J.**

Defendant was convicted of one count of second-degree theft, ORS 164.045, after an incident in which he stole merchandise from a Nordstrom. In one assignment of error, he argues that the trial court erred by denying his motion to dismiss the charge pursuant to a civil compromise under ORS 135.703 and ORS 135.705. We reverse and remand for further proceedings consistent with this opinion.

Defendant stole merchandise worth $404 from Nordstrom. The items were immediately recovered. Nordstrom's Civil Claim Coordinator issued a civil demand letter for $654, representing a $404 penalty based on the value of the merchandise and the maximum allowable additional penalty of $250 pursuant to ORS 30.875, and advised defendant that he could arrange a payment plan if he was unable to pay the full amount. A month later, Nordstrom sent defendant a letter acknowledging receipt of his payment of $523 and stating that "[y]our agreed civil settlement account is now paid in full. You have fully satisfied your civil liability to Nordstrom under [ORS] 30.875. Nordstrom hereby releases you from any further civil liability in connection with the shoplifting incident." Both letters also included the following notice:

> "IMPORTANT NOTICE: THE PAYMENT OF ANY PENALTY DEMANDED OF YOU DOES NOT PREVENT CRIMINAL PROSECUTION UNDER A RELATED CRIMINAL PROVISION. PAYMENT OF THIS CIVIL PENALTY WILL NOT BE ADMISSIBLE IN ANY CRIMINAL PROCEEDING AS AN ADMISSION OR EVIDENCE OF GUILT, WHERE APPLICABLE BY LAW."

Defendant moved to dismiss the charge pursuant to civil compromise under ORS 135.703 and ORS 135.705. Defendant argued that because Nordstrom had acknowledged that he had fully satisfied his civil liability under ORS 30.875, and released him from further civil liability, it had acknowledged full satisfaction as required for a civil compromise. The state opposed the motion.

The trial court denied the motion, reasoning:

"I believe the cost of the property taken in this case is part of the Civil Demand, not a separate statement that they are fully satisfied. And the—ORS 135.703—705(1)(b) says there has to be something more than written acknowledgement of a civil penalty under ORS 30.875, which I don't believe in this case there has been anything more."

*See* ORS 135.705(1)(a) (providing court with discretionary authority to dismiss the case pursuant to a civil compromise under certain circumstances, including upon payment of the costs and expenses incurred and with written acknowledgment from injured party that they have "received satisfaction for the injury"); ORS 135.705(1)(b) (a written acknowledgment under paragraph (a) that a civil penalty under ORS 30.875 has been paid is not evidence that the person injured has received full satisfaction for the injury). We rejected the same reasoning in in *State v. Bilbao*, 332 Or App 231, ___ P3d ___ (2024), which is dispositive here.

In *Bilbao*, we construed ORS 135.705(1)(b) and determined that:

"[ORS 135.705(1)(b)] only restrains the trial court's discretion to consider the proposed compromise if the acknowledgment shows no more than that the statutory *penalties* have been paid. If the acknowledgment shows something more, such as that the defendant has satisfied their obligations under ORS 30.875 in full—including actual damages—and is released from further civil liability, ORS 135.705(1)(b) does not apply and, barring any other statutory constraint, the trial court has discretion to consider the proposed compromise."

*Id.* at 242 (emphasis in original). Here, although the total amount that Nordstrom's letter stated that defendant had paid—$523—is less than the amount that Nordstrom had originally demanded—$654—defendant explained at the hearing that "the individual at Nordstrom's discounted the civil penalty in part because he had paid in full." Nordstrom's letter agreed that defendant's payment of $523 fully satisfied his liability to Nordstrom under ORS 30.875 and released him from further civil liability. Accordingly, the letter acknowledged more than that defendant had paid the statutory penalties that he owed and, therefore, is not precluded by ORS 135.705(1)(b) from being offered as evidence

of a civil compromise. Therefore, the trial court did have the authority to accept or deny the purported compromise and, upon remand, must decide whether to do so as a discretionary matter.

Reversed and remanded.