DUNCAN, J.
*1099 **225 This juvenile dependency case concerns the requirements for vacating a general guardianship established pursuant to ORS 419B.366. In the juvenile court, mother moved to terminate the court's wardship over her child, A, and vacate the general guardianship the court had established over A. Mother's motion was premised on her assertion that the factual basis for the court's jurisdiction over A no longer existed. The juvenile court did not determine whether the factual basis for its jurisdiction over A continued to exist; instead, it denied mother's motion on the ground that mother had failed to establish that vacating the guardianship was in A's best interests. Mother appealed, and the Court of Appeals vacated the juvenile court's judgment, holding that, if mother established that the factual basis for the juvenile court's jurisdiction over A no longer existed, then the juvenile court was required to terminate its wardship over A and, consequently, could not continue the guardianship. Dept. of Human Services v. J. C. , 289 Or. App. 19, 24, 407 P.3d 969 (2017). Because the juvenile court had not determined whether it was required to terminate its wardship over A, the Court of Appeals remanded the case to the juvenile court to make that determination. Id. A's guardian, Fuller, petitioned this court for review. We allowed the petition and, for the reasons explained below, we conclude that the juvenile court must determine whether it is required to terminate its wardship over A because, if it is, then the guardianship cannot continue.
We begin with a brief statement of the relevant law. When a child's "condition or circumstances are such as to endanger the welfare of [the child]," the juvenile court may assert jurisdiction over the child. ORS 419B.100(1)(c). The court asserts jurisdiction "to protect the child's safety and to work with the child's family to correct the problems that gave rise to the court's exercise of jurisdiction." Dept. of Human Services v. S. M. , 355 Or. 241, 245-46, 323 P.3d 947 (2014). When the court asserts jurisdiction over a child, the court "shall make" the child "a ward of the court." ORS 419B.328(1). Once a child is a ward of the court, the court may direct that the ward remain in the legal custody of the ward's parents or be placed in the legal custody of another, **226 including, for example, a relative, a foster care provider, or the Department of Human Services (DHS). ORS 419B.331 ; ORS 419B.334 ; ORS 419B.337. "The court's wardship continues, and the ward is subject to the court's jurisdiction, until one of [five events] occurs." ORS 419B.328(2)(a)-(e). Specifically, the court's wardship continues and the ward remains subject to the court's jurisdiction until (a) the court dismisses the petition concerning the ward, (b) the court transfers its jurisdiction over the ward, (c) the court enters an order terminating the wardship, (d) a judgment of adoption in entered, or (e) the ward becomes 21 years of age. Id. While a child is a ward of the court, the court oversees the development and implementation of a permanency plan for the child. See generally ORS 419B.476 (describing court's duties to establish a permanency plan).
In this case, DHS petitioned the juvenile court to assert jurisdiction over mother's child, A, pursuant to ORS 419B.100(1)(c), on the ground that that mother's use of controlled substances endangered A. The court granted the petition in May 2012, and, consequently, A, then eight months old, became a ward of the court. She was placed in the legal custody of DHS, and was placed in foster care with mother's aunt, Fuller. Initially, the juvenile court's permanency plan was for A to return to mother, but the court later changed the plan to guardianship after mother failed to make sufficient progress to make it possible for A to return home.
In November 2013, the court established a guardianship for A pursuant to ORS 419B.366, which governs what we will refer to as a "general guardianship." As relevant here, to establish a general guardianship, the juvenile court must determine that "[t]he ward cannot safely return to a parent within a reasonable time," "[a]doption is not an appropriate plan for the ward," "[t]he proposed guardian is suitable to meet the needs of the ward and is willing to accept the duties and authority of a guardian," and "[g]uardianship is in the ward's best interests." ORS 419B.366(5). When making those determinations, *1100 the facts supporting any finding made must be established by a preponderance of the evidence. ORS 419B.366(2). A parent may move to vacate a general guardianship. ORS 419B.368(1). **227 A general guardianship pursuant to ORS 419B.366 differs from a "permanent guardianship," which the juvenile court may establish pursuant to ORS 419B.365. As relevant here, to establish a permanent guardianship, the juvenile court must determine, by clear and convincing evidence, that a ground for termination of the parent's rights exists and "[i]t is in the best interest of the ward that the parent never have physical custody of the ward but that other parental rights and duties should not be terminated." ORS 419B.365(2), (3). A parent may not move to vacate a permanent guardianship. ORS 419B.368(7).
In April 2016, mother filed a motion "to vacate guardianship and terminate wardship" on the ground that factual basis for the court's jurisdiction-mother's substance abuse-no longer existed. A and Fuller opposed the motion. Following a hearing on the motion, the parties submitted written closing arguments. They disagreed about the statutory requirements for terminating a general guardianship. ORS 419B.366(6) concerns the duration of general guardianships, and it provides that, "[u]nless vacated pursuant to ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." This case turns on the meaning of that subsection.
In the juvenile court, mother argued that the guardianship could not continue because the factual basis for the juvenile court's jurisdiction over A no longer existed and, therefore, the court had to "terminate wardship" and "vacate the guardianship." For support, mother relied on Court of Appeals cases for the proposition that "a juvenile court may not continue a wardship if the jurisdictional facts on which it is based have ceased to exist." State v. A. L. M. , 232 Or. App. 13, 16, 220 P.3d 449 (2009) (internal quotation marks omitted); see also Dept. of Human Services v. T. L. , 279 Or. App. 673, 690, 379 P.3d 741 (2016) (same). Mother also relied on ORS 419B.328, which, as mentioned, provides:
"(1) The court shall make a child found to be within the jurisdiction of the court as provided in ORS 419B.100 a ward of the court.
**228 "(2) The court's wardship continues, and the ward is subject to the court's jurisdiction, until one of the following occurs :
"(a) The court dismisses the petition concerning the ward;
"(b) The court transfers jurisdiction over the ward as provided in ORS 419B.127, 419B.130 and 419B.132 ;
"(c) The court enters an order terminating the wardship ;
"(d) A judgment of adoption of the ward is entered by a court of competent jurisdiction; or
"(e) The ward becomes 21 years of age."
(Emphases added.) Mother's position was that, because the factual basis for the juvenile court's jurisdiction over A no longer existed, the juvenile court had to issue an order terminating its wardship of A, pursuant to ORS 419B.328 (2)(c). In turn, that would mean that the court would no longer have jurisdiction over A and the general guardianship that it had established over A could not continue because, under ORS 419B.366(6), a general guardianship can continue only "as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328."
Fuller and A did not dispute that the factual basis for the juvenile court's jurisdiction no longer existed, but argued that mother's motion to terminate wardship was not cognizable under these circumstances. They contended that the court could not vacate the guardianship unless it found that the requirements set forth in ORS 419B.368 were met. ORS 419B.368 provides, in part:
"(1) The court, on its own motion or upon the motion of a party and after such hearing as the court may direct, may review, modify or vacate a guardianship order.
*1101 "(2) The court may modify a guardianship order if the court determines to do so would be in the ward's best interests.
"(3) The court may vacate a guardianship order, return the ward to the custody of a parent and make any other order the court is authorized to make under this chapter if the court determines that:
**229 "(a) It is in the ward's best interests to vacate the guardianship;
"(b) The conditions and circumstances giving rise to the establishment of the guardianship have been ameliorated; and
"(c) The parent is presently able and willing to adequately care for the ward.
"(4) The court may vacate a guardianship order after determining that the guardian is no longer willing or able to fulfill the duties of a guardian."
Fuller and A argued that mother was required to, and had failed to, establish that the requirements set out at ORS 419B.368(3) were satisfied. In particular, they argued that mother had failed to establish that termination of the guardianship was in A's best interests. Mother disagreed, asserting that, even if the requirements set out at ORS 419B.368(3) had to be satisfied, she had proven that they were.
The juvenile court agreed with Fuller and A and denied mother's motion in a written order stating that it was "not in [A's] best interest to vacate the guardianship." The court did not address whether the factual basis for its jurisdiction over A continued to exist.
As mentioned, mother appealed, and the Court of Appeals vacated the juvenile court's judgment. The Court of Appeals held that
"the juvenile court erred by failing to determine whether it continued to have jurisdiction over A and, thereby, could continue the guardianship. By the plain terms of ORS 419B.366, a guardianship established under that statute can continue only if the court continues to have jurisdiction over the child. ORS 419B.366(6). In turn, a juvenile court is not permitted to retain jurisdiction over a child if the jurisdictional bases cease to exist. See , e.g. , T. L. , 279 Or. App. at 678, 379 P.3d 741. And, as we explained in T. L. , permitting a parent to bring a motion to dismiss jurisdiction up until the parent's rights are terminated is consistent with the legislature's intention in the juvenile dependency statutes. Id. at 689, 379 P.3d 741."
J. C. , 289 Or. App. at 24, 407 P.3d 969.
**230 Fuller petitioned for review, which we allowed to address the requirements for vacating a guardianship established pursuant to ORS 419B.366. On review, Fuller renews her argument that the juvenile court cannot vacate a general guardianship over a child, even if the factual bases for the court's jurisdiction over the child no longer exist, unless the court determines that the requirements set out in ORS 419B.368(3), including the requirement that vacating the guardianship is in the child's best interests, are satisfied. DHS, as amicus curiae , joins in Fuller's argument.[1] In response, mother renews her argument that the juvenile court cannot continue a general guardianship over a child if it must issue an order terminating its wardship over the child, which, mother further argues, it must do if the factual bases for its jurisdiction no longer exist. Mother bases her argument on the text of ORS 419B.366. She also contends that Fuller and DHS's proposed reading of ORS 419B.366 "implicates due process because it would authorize a presumptively permanent governmental interference into the parent-child relationship based upon a preponderance standard to which the rules of evidence do not apply."
As mentioned, ORS 419B.366(6) concerns the duration of a general guardianship, and it provides, "Unless vacated pursuant to ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." When construing a statute, our task is to discern the legislature's intent, and the text of the statute, in *1102 context, is the best evidence of that intent. State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009) ; PGE v. Bureau of Labor and Industries , 317 Or. 606, 610-11, 859 P.2d 1143 (1993).
The plain text of ORS 419B.366 indicates that, "unless" a general guardianship is "vacated pursuant to ORS 419B.368," it continues "as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." As **231 such, the plain text indicates that there are two ways a general guardianship can end.
The first way is the termination of the court's jurisdiction "as provided in ORS 419B.328." As set out above, ORS 419B.328(2) provides, in part, that if a child has been found to be within the court's jurisdiction as provided in ORS 419B.100, "[t]he court's wardship continues, and the ward is subject to the court's jurisdiction, until one of" five events occurs. Therefore, if ORS 419B.366(6) and ORS 419B.328 are read together, ORS 419B.366(6) provides, "Unless vacated pursuant to ORS 419B.368, a guardianship * * * continues" until one of the five events set out in ORS 419B.328, which terminate the court's jurisdiction over the ward, occurs. So understood, ORS 419B.366(6) establishes the general rule for the duration of general guardianships: they continue so long as the juvenile court's jurisdiction over the ward continues.
ORS 419B.366(6) also includes an exception to that general rule. It states, "Unless vacated pursuant to ORS 419B.368, a guardianship * * * continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." (Emphasis added.) As used in ORS 419B.366(6), "unless" means "except on the condition that." Webster's Third New Int'l Dictionary 2503 (unabridged ed. 2003). Thus, the introductory, dependent clause of ORS 419B.366(6) identifies one circumstance-but not the only circumstance-that ends a guardianship. Consequently, the plain text of ORS 419B.366(6) conveys that the juvenile court may vacate a guardianship under ORS 419B.368 if the requirements of that statute are met, but if it does not, the guardianship continues so long as the court's jurisdiction over the ward continues.[2]
Fuller disagrees with that reading of ORS 419B.366(6). She argues that, in order to vacate a general guardianship, the juvenile court must determine that the **232 three requirements of ORS 419B.368(3) are satisfied. That is, the court must determine that vacating the guardianship is in the best interests of the ward, ORS 419B.368(3)(a), the conditions and circumstances giving rise to the establishment of the guardianship have been ameliorated, ORS 419B.368(3)(b), and the parent is able and willing to adequately care for the ward, ORS 419B.368(3)(c). But that argument is inconsistent with the plain text of ORS 419B.366(6), which, as discussed above, establishes that there are two ways a general guardianship can end: when the court terminates the guardianship pursuant to ORS 419B.368 or when the court's jurisdiction over the ward ends pursuant to ORS 419B.328.
We cannot interpret ORS 419B.366(6) as Fuller does, because her interpretation would require us to insert what the legislature has omitted and to omit what the legislature has inserted, which we cannot do. ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). Fuller's interpretation essentially rewrites ORS 419B.366(6) by replacing "unless" with "until" and deleting the reference to ORS 419B.328, as follows: "Unless Until vacated pursuant to ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." Fuller's interpretation is at odds with the *1103 text the legislature actually used, which is the best evidence of the legislature's intent. In addition, it would alter the substance of the provision and lead to results that are unlikely to have been intended by the legislature. By eliminating the reference to ORS 419B.328, it would provide that a general guardianship continues even when a ward is no longer subject to the court's jurisdiction pursuant to ORS 419B.328 because, for example, the ward has turned 21.
Fuller also argues that a general guardianship cannot be vacated unless all three requirements of ORS 419B.368(3) are met and that to conclude otherwise would **233 render ORS 419B.368(3) a nullity. Fuller contends that, under the Court of Appeals decision in this case,
"proof of the second element, ('The conditions and circumstances giving rise to the establishment of a guardianship have been ameliorated') will, in nearly all cases, end jurisdiction and thus end the guardianship. The court's analysis effectively renders [ ORS 419B.368(3) ] a nullity. It will mean that we will never, or nearly never, have to worry with all three of the things that the statute requires."
That argument, which DHS also makes, is based on the mistaken assumption that the conditions and circumstances that gave rise to the juvenile's courts establishment of a general guardianship over a child are necessarily the same as the conditions and circumstances that gave rise to the court's initial jurisdiction over the child. They are not. The former may be more narrow than the latter. A parent can ameliorate the bases for guardianship, even if some of the factual bases for the court's jurisdiction continue to exist. For example, if the juvenile court established a general guardianship over a child primarily because the child's parent lacked safe housing, the court could vacate the guardianship when the parent obtained safe housing and, at the same time, the court could continue its jurisdiction over the child if there were other factual bases for jurisdiction that still existed-for example, if the parent needed additional services or treatment-that could be addressed while the child was in the parent's custody. Thus, contrary to Fuller and DHS's argument, the Court of Appeals' interpretation of ORS 419B.366(6) does not nullify ORS 419B.368(3).
ORS 419B.366(6) refers to both ORS 419B.368 and ORS 419B.328, and both references can be given effect. See ORS 174.010 ("where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all"). Again, ORS 419B.366(6) provides, "Unless vacated pursuant to ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." The first clause of the provision, which references ORS 419B.368, establishes that the juvenile court may vacate a guardianship if the requirements of ORS 419B.368 are met. It can do that without terminating its wardship **234 and jurisdiction over the child. If the juvenile court does not vacate the guardianship pursuant to ORS 419B.368, then the second clause controls the duration of the guardianship and, under that clause, the guardianship continues so long as the child is subject to the court's jurisdiction as provided in ORS 419B.328, which means that the guardianship will not continue if, as relevant here, the court issues an order terminating its wardship over the child pursuant to ORS 419B.328(2)(c).
Finally, Fuller and DHS argue that there are policy reasons to hold that, despite ORS 419B.366 's reference to ORS 419B.328, the juvenile court cannot vacate a general guardianship unless the requirements established by ORS 419B.368(3) -including the requirement that vacating the guardianship is in the child's best interests-are met. Specifically, they argue that, if a parent is able to have a general guardianship vacated by showing that the factual basis for the court's jurisdiction over the child no longer exist, then a parent may be able to disrupt a guardianship years after it was established and, thereby, undercut the permanency it was intended to achieve.
There are at least two responses to that concern. First, a juvenile court can create a more secure placement by establishing a "permanent guardianship" pursuant to ORS 419B.365. As noted above, a juvenile court *1104 may establish a permanent guardianship if it finds, by clear and convincing evidence, that there are grounds for "termination of parental rights" and "[i]t is in the best interest of the ward that the parent never have physical custody of the ward but that other parental rights and duties should not be terminated." ORS 419B.365. A parent cannot move to vacate a permanent guardianship. ORS 419B.368(7). Thus, if the juvenile court wants to establish a guardianship that is more difficult or impossible for a parent to vacate, the court can establish a permanent guardianship if the criteria for doing so are met.[3] **235 Second, if circumstances change and a ward would be endangered by a return to a parent even though original factual bases for the juvenile court's jurisdiction no longer exist, the court may be able to assert jurisdiction based on the new circumstances. Thus, if a court originally asserts jurisdiction over a child based on endangerment due to a parent's controlled substance use, but circumstances change and give rise to additional reasons the child would be endangered if returned to the parent, the juvenile court could assert jurisdiction over the child based on those additional reasons and the parent's elimination of the problems resulting from the parent's controlled substance use would not be enough to terminate the court's wardship and jurisdiction over the child. See ORS 419B.809(6) ("The court on motion of an interested party or on its own motion, may at any time direct that the petition be amended.").
In sum, we conclude, based on the plain text of ORS 419B.366(6), that the juvenile court may vacate a general guardianship as provided by ORS 419B.368, but if it does not, the guardianship continues only as long as the ward is subject to the court's jurisdiction. Accordingly, we agree with the Court of Appeals that the case must be remanded to the juvenile court for a determination of whether mother has established that it must terminate its wardship and, therefore, its jurisdiction over A.
The decision of the Court of Appeals is affirmed. The judgment of the juvenile court is reversed, and the case is remanded to the juvenile court for further proceedings.

DHS was not a party to A's juvenile dependency case at the time of the hearing on mother's motion to vacate the guardianship and terminate the court's wardship over A. DHS did not participate in this case in the Court of Appeals, but it petitioned for, and was granted leave to, appear as amicus curiae in this court. ORAP 8.15(9).

We base our interpretation of ORS 419B.366(6) on its text. Both mother and DHS have provided some legislative history of the provision in support of their competing arguments. But the legislative history is ambiguous at best, and it does not lead us to a conclusion other than the one that we reach based on the text of ORS 419B.366(6).

ORS 419B.365(5) governs the duration of permanent guardianships. Like ORS 419B.366(6), it provides, "Unless vacated under ORS 419B.368, a guardianship established under this section continues as long as the ward is subject to the court's jurisdiction as provided in ORS 419B.328." It is theoretically possible that, if the juvenile court establishes a permanent guardianship over a child, the child's parent might move to terminate the child's wardship pursuant to ORS 419B.328(2)(c) as a step to having the court vacate the guardianship. But it is also possible that such a motion would be objected to on the ground that the legislature intended the guardianship to be permanent, as evidenced by its name and the findings that must be made to establish it, and on the ground that the motion is barred by ORS 419B.368(7) because it is, in effect, a motion to vacate the guardianship. Because this case involves a general guardianship, not a permanent guardianship, we need not and do not address those issues.