Submitted September 12, reversed and remanded November 20, 2019

In the Matter of H. L. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. L. M.,
*Appellant.*

Lane County Circuit Court
17JU10544; A170727

454 P3d 28

Mother appeals from a permanency judgment in which the juvenile court denied her motion to dismiss dependency jurisdiction and terminate wardship over her child. Mother argues that the juvenile court erred in denying her motion because she had ameliorated the sole basis for jurisdiction. The Department of Human Services concedes the error. *Held*: The juvenile court erred in denying mother's motion to dismiss after the factual basis for jurisdiction ceased to exist.

Reversed and remanded.

Josephine H. Mooney, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

Mother appeals from a permanency judgment in which the juvenile court denied her motion to dismiss dependency jurisdiction and terminate wardship over her teenaged daughter. Mother argues that the juvenile court erred in denying her motion because she had ameliorated the sole basis for jurisdiction. The Department of Human Services (DHS) concedes the error and agrees that the juvenile court's wardship over the child should be terminated in this case. We agree and reverse and remand.

As pertains to mother, the juvenile court took jurisdiction over her child based on the single-admitted allegation that "mother uses inappropriate discipline and needs the assistance of DHS to manage the behavior of the child and safely parent." After completing services, mother moved to dismiss jurisdiction, which the juvenile court denied after a hearing. At a subsequent permanency hearing, mother renewed that motion. DHS agreed with mother that she had completed all services and had ameliorated the sole basis for jurisdiction but requested that jurisdiction continue for another 90 days during continued family counseling. The child opposed mother's motion, arguing that the basis for jurisdiction was not ameliorated because the child "needs the support of the agency to meet her physical and emotional needs by having a safe place to live while she's [going to family counseling with mother]." The juvenile court found that "everybody's agreed" that mother had ameliorated the basis for jurisdiction. However, the court denied mother's motion, ordered that the dependency petition be amended to include a new allegation to reflect the child's current circumstances of mother being unable to meet the child's emotional needs, and scheduled a trial on the new allegation.[1]

On appeal, mother argues that the juvenile court erred in denying her motion to dismiss because the basis for jurisdiction did not persist. DHS concedes that error.[2] We accept DHS's concession.

---

[1] The court order amending the petition to add a new allegation was later vacated by the court.

[2] The child has not appeared on appeal.

"If * * * the bases for the juvenile court's jurisdiction 'cease to exist,' then the juvenile court must terminate the wardship and dismiss the case[.]" *Dept. of Human Services v. T. L.*, 279 Or App 673, 678, 379 P3d 741 (2016). Here, mother successfully participated in services and there was no evidence that she would again engage in inappropriate discipline of the child or that the jurisdictional basis exposed the child to a current risk of serious loss or injury that was reasonably likely to occur. *See id.* at 684-85 (setting out two-part inquiry for motion to dismiss). Thus, the basis for jurisdiction over the child ceased to exist.

We do note that recently the Supreme Court has stated that "the court may be able to assert jurisdiction based on * * * new circumstances" that endanger a ward's safety, when the original factual bases for jurisdiction no longer exist. *Dept. of Human Services v. J. C.*, 365 Or 223, 235, 444 P3d 1098 (2019) (citing ORS 419B.809(6) ("The court on motion of an interested party or on its own motion, may at any time direct that the petition be amended.")). We understand that statement to reflect that a juvenile court may continue jurisdiction where it has adjudicated additional jurisdictional facts based on new allegations that have been added in an amended petition, but not that a court can continue jurisdiction and hold a case open to allow an amended petition to be filed at a later date when the original factual basis has ceased to exist. Here, the court had not taken jurisdiction over the child based on new circumstances. Thus, the juvenile court erred in denying mother's motion to dismiss the wardship over the child.

Reversed and remanded.